440 P.2d 798

**Mr. & Mrs. Nat STEINBERG, Plaintiffs-Appellees,**

v.

**CODA ROBERSON CONSTRUCTION CO., Defendant-Appellant.**

**No. 8489.**

Supreme Court of New Mexico.

April 1, 1968.

Rehearing Denied May 21, 1968.

Paul A. Phillips, Albuquerque, for appellant.

Threet, Threet, Glass, King & Maxwell, Albuquerque, for appellees.

OPINION

COMPTON, Justice.

The plaintiffs were awarded judgment in the Small Claims Court of Bernalillo County in the amount of $465.42 for repairs necessitated by leakage of the roof of a house built by the defendant and presently owned by the plaintiffs. Upon appeal, the District Court of Bernalillo County entered judgment affirming the judgment of the Small Claims Court, and the defendant again appeals.

The record reveals that in January of 1959 the appellant sold the house in question to a couple named Bell. As part of sale the appellant delivered to the Bells a booklet entitled "The Inside Story of Your New Quality ROBERSON Home." At the top of the last page of the booklet the word "GUARANTEES" is printed, and directly under that is printed "Roof—10 Years" followed by other so-called guarantees.

In November of 1963 the Bells sold the house to the appellees. The roof began to leak between November 1963 and December 1964. Appellees notified the appellant of

the leakage, but appellant took no affirmative action in the matter. As a result of the leakage, it was necessary to repair the house. The amount awarded for repairs is not in controversy.

The appellant contends that it is not liable in either negligence or warranty for the deterioration of the roof. Although appellant is willing to treat this case as though it were a manufacturer of personalty, it argues that a manufacturer is liable for negligence to a purchaser not in privity with the manufacturer only when a casualty results from a product which, when defective, is reasonably certain to endanger life and limb, citing MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696; Trans World Airlines v. Curtiss-Wright Corp., 1 Misc.2d 477, 148 N.Y.S.2d 284, aff'd 153 N.Y.S.2d 546; Fentress v. Van Etta Motors, 157 Cal.App.2d Supp. 863, 323 P.2d 227 (1958).

The law of manufacturers' liability has been confusing since the days of Winterbottom v. Wright, 10 M. & W. 109, 152 Eng. Rep. 402 (1842), when tort and contract law became intermingled by the dicta of that court and "privity of contract" became a factor in manufacturers' tort liability. Carter v. Yardley & Co., 319 Mass. 92, 64 N.E. 2d 693, 164 A.L.R. 559. Since that time, and as the dominance of the industrial complex in our society has created a need for an increase in the purview of manufacturers' responsibilities to the public, courts have noted various exceptions to the privity of contract requirement. Consequently, cases in this field became what has been termed "hopelessly at a variance." Spence v. Three Rivers Builders & Masonry Supply, Inc., 353 Mich. 120, 90 N.W.2d 873. Under the present posture of the law, the great weight of authority no longer recognizes privity of contract as having a place in tort law. Carter v. Yardley & Co., supra; Spence v. Three Rivers Builders & Masonry Supply, Inc., supra; Fisher v. Simon, 15 Wis.2d 207, 112 N.W.2d 705; American Reciprocal Insurers v. Bessonette, 235 Or. 507, 384 P.2d 223, 385 P.2d 759. See 46 Am.Jur., Sales, §

812 (Cum.Supp.1967); 1 Frumer & Friedman, Products Liability, § 5.03, 5.03(1) note 20, 5.03(2), 5.03(5) (b); Annots., 16 A.L. R.3d 683; 74 A.L.R.2d 1111; 164 A.L.R. 569.

By our cases this court has generally accepted what has been described as the general rule, Wood v. Sloan, 20 N.M. 127, 148 P. 507, L.R.A.1915E, 766, 12 N.C.C.A. 562 and Reif v. Morrison, 44 N.M. 201, 100 P.2d 229, and having done so we now fall in line with the current trend and adopt the reasoning and the statement expressed in Smith v. Atco Company, 6 Wis.2d 371, 94 N.W.2d 697, 74 A.L.R.2d 1095, which reads:

"We deem that the time has come for this court to flatly declare that in a tort action for negligence against a manufacturer, or supplier, whether or not privity exists is wholly immaterial. The question of liability should be approached from the standpoint of the standard of care to be exercised by the reasonably prudent person in the shoes of the defendant manufacturer or supplier. Such an approach will eliminate any necessity of determining whether a particular product is 'inherently dangerous.' If a manufacturer or supplier is hereafter to be relieved from liability as a matter of law by the courts, such result should be reached on the basis that there was no causal negligence established against the defendant rather than that the product was not inherently dangerous."

Privity of contract no longer being recognized as a factor when considering liability on a negligence theory, we must simply determine if the appellees' recovery for negligence was proper. The unchallenged findings of the small claims court establish that the roof had been negligently installed, that such negligence had caused the damage in question, and that the appellees were of the class of persons who could have reasonably been foreseen as users of the property. These findings pose the question whether the appellant owed a duty to the appellees to exercise care in the construction of the roof. We are inclined to

the view that it did. See Stewart v. Cox, 55 Cal.2d 857, 13 Cal.Rptr. 521, 362 P.2d 345; Sabella v. Wisler, 59 Cal.2d 21, 27 Cal.Rptr. 689, 377 P.2d 889.

In Stewart v. Cox, supra, a subcontractor of a swimming pool was held liable for damage to the pool and surrounding yard caused by defective construction. That court said that determining such liability

"* * * is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that he suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, and the policy of preventing future harm. * * *"

In Sabella v. Wisler, supra, the defendant, a contractor, built a house to sell to the public. The plaintiffs purchased the house and about four years after the purchase, the house settled, causing considerable damage. In determining that the defendant was liable for negligence, the court quoted Stewart v. Cox, and added

"Applying the foregoing principles to the instant situation, it appears that while the house was not constructed with the intention of ownership passing to these particular plaintiffs, the Sabellas [the plaintiffs] are members of the class of prospective home buyers for which Wisler [the defendant] admittedly built the dwelling. Thus, as a matter of legal effect the home may be considered to have been intended for the plaintiffs, and Wisler owed them a duty of care in construction. * * *" Compare Fisher v. Simon, supra.

We feel that the situation in the case before us is analogous to Sabella v. Wisler, supra. While the plaintiffs in Sabella v. Wisler were the first purchasers, we fail to see any reason why the fact that the appellees in the present case are the second purchasers, would take them out of the "class of prospective home buyers" to which the California court made reference.

Having determined the soundness of the judgment on a negligence basis, it is unnecessary to consider possible warranty liability.

The judgment of the district court is affirmed.

It is so ordered.

CHAVEZ, C. J., NOBLE and MOISE, JJ., and JOE W. WOOD, J., Court of Appeals, concur.