**Spencer v. Leo S. Firanski & Son, Inc.**

Before Sweet, P. J., DiSalle and Hanna, JJ.

*John J. Morgan,* for plaintiff.

*David W. Zeman,* for defendant.

HANNA, J., June 12, 1974.—Plaintiff's amended complaint has two counts, one an action in trespass and one an action in assumpsit for breach of implied warranty, both counts being based on certain alleged defects in construction of a home by defendant-builder. Plaintiffs are remote purchasers, having purchased the home from the party for whom defendant-builder originally constructed the home.

Defendant filed six separate preliminary objections. The court is of the opinion that the only serious question involved in the preliminary objections is whether or not the absence of privity between plaintiff and defendant is a fatal defect in either the trespass action or the assumpsit action.

Prior to deciding the matter of privity, we have the question of whether or not a builder-vendor can be liable in an action based on breach of implied warranty, where the damage claimed is cost of repairs to the home. This question has been decided affirmatively in Elderkin et ux. v. Gaster, 447 Pa. 118 (1972), where lack of privity was not a problem. The court held that a builder-vendor who sells new houses in a development impliedly warrants that the home he has built is constructed in a reasonably workmanlike manner and that it is fit for the purposes intended, habitation. Clearly then, there can be recovery for repairs necessitated where structural defects render the home unfit for habitation.

Who can sue the builder-vendor on the implied warranty? This is obviously a question of privity of contract. We could find no Pennsylvania cases specifically deciding this issue. Until recently, the leading Pennsylvania case on the question of privity of contract is Kassab et ux. v. Central Soya, 432 Pa. 217 (1968), where the court decided that privity of contract is not necessary in an assumpsit action for injury caused by breach of implied warranty. In the Kassab case, the breach of warranty involved a product and the claim was for injuries resulting from the use of the product. This decision specifically referred to the question of vertical privity, that is, "who can be sued"? The question of horizontal privity, that is, "who can sue", has just been decided by the Pennsylvania Supreme Court. In the case of Salvador v. Atlantic Steel Boiler Co., 457 Pa. 24, in the opinion by Justice Roberts, dated May 22, 1974, the court specifically abandoned the requirement of horizontal privity where plaintiff was suing for personal injuries resulting from an alleged breach of implied warranty. The injury resulted from an explosion of a steam boiler which occurred at the plaintiff's

place of employment. The question was whether plaintiff could sue the manufacturer of the steam boiler. The court stated in the opinion, "We conclude that the theoretical foundation which once supported horizontal privity has been undermined; we hold that lack of horizontal privity itself may no longer bar an injured party's suit for breach of warranty". Further in the opinion, the court says "Our courts have determined that a manufacturer by marketing and advertising his product impliedly represents that it is safe for its intended use. We have decided that no current societal interest is served by permitting the manufacturer to place a defective article in the stream of commerce and then to avoid responsibility for damages caused by the defect".

Should the builder of a home be in any different position from a manufacturer? We think not. It is true that the question has been answered differently in other jurisdictions. The Colorado court in the case of Utz v. Moss et al., 503 P. 2d 365 (1972), on page 367 declared:

"[W]e agree with the decision in Bolas that the purchasers of used homes should not be protected by the original warranty."

This decision limits the right of action to the initial purchaser or the initial user. We believe that there is no logic in insisting on privity of contract simply because we are dealing with real estate instead of a product. We favor the approach as stated in the case of Steinberg v. Coda Roberson Construction Co., 79 N. M. 123, 440 P. 2d, 798 (1968), wherein the New Mexico court says:

"We fail to see any reason why the fact that the appellees in the present case were the second purchasers [of real estate], would take them out of the 'class of prospective home buyers.' "

Although the Kassab case and the Salvador case

deal with injuries instead of economic loss, there should be no distiction on this ground. Here, again, many jurisdictions make a distinction which does not seem logical. In reading footnote 7, page 231 in the Kassab case, it would seem that the Pennsylvania court would not make such a distinction. We hold, therefore, that privity of contract is not necessary in a suit for breach of implied warranty by a remote purchaser from a builder-vendor.

There being no need for privity in the contract action, there is no need for privity in the tort action. The courts have virtually destroyed the distinction between the assumpsit action and tort action in products liability cases. See Kassab case and Salvador case, supra.

The question of privity is the basic question in the second and fifth preliminary objections.

As to the first preliminary objection, the court is of the opinion that plaintiffs' answers to defendant's preliminary objections were proper even though the complaint amended the name of defendant.

The third preliminary objection is a claim that a third party who installed an air conditioning unit is a necessary or indispensable party. In the commentary to Pennsylvania Rule of Civil Procedure 1507, 2 Goodrich-Amram, 1507-2, an indispensable party is described as one who has such interest in the proceeding that a final decree cannot be entered in his absence. A necessary party is described as one whose presence is essential if the court is completely to determine the issues of the litigation. Under these definitions, the third party is neither indispensable nor necessary to the action. Defendant can bring him in as an additional defendant, if, in his opinion, the said third party has any liability in the action.

The fourth preliminary objection relates to a claim

for punitive damages. Although the court is of the opinion that the paragraph alleging punitive damages is thin in content, it contains the proper phraseology, and plaintiff will be allowed to prove whether he can support the claim with the proper evidence.

The sixth preliminary objection is an evidentiary, not a legal problem.

## ORDER

And now, June 12, 1974, the defendant's preliminary objections are hereby dismissed.