548 P.2d 107

**Ed NEFF, Trustee, Plaintiff-Appellee-Cross-Appellant,**

v.

**BUD LEWIS COMPANY, Bud Lewis, and Loren Gibson, Defendants-Appellants-Cross-Appellees.**

**No. 2104.**

Court of Appeals of New Mexico.

March 9, 1976.

Rehearing denied March 18, 1976.

Patrick S. Villella, Knight, Sullivan, Villella & Skarsgard, P.A., Albuquerque, for plaintiff-appellee-cross-appellant.

W. W. Atkinson, Atkinson & Kelsey, Albuquerque, for defendants-appellants-cross-appellees.

## OPINION

SUTIN, Judge.

Plaintiff sued defendants, real estate broker and salesmen, claiming damages for misrepresentation of material facts, and for defendants' failure to disclose facts, regarding defects in the heating and cooling system of a building purchased by plaintiff. Defendant Bud Lewis Company counterclaimed against plaintiff for brokerage and lease commissions.

Defendants appeal from an adverse judgment in favor of plaintiff, and plaintiff appeals from an adverse judgment in favor of Bud Lewis Company.

### A. *Findings of Fact and Judgments*

The trial court found:

On August 1, 1970, plaintiff purchased the Autrey Plaza Building from Cecil and Ellen Johnston. Defendants acted as agents for plaintiff in this transaction, and

a fiduciary relationship existed between plaintiff and defendants. Latent defects existed in the heating and cooling system from the time of the construction of the building. Prior to plaintiff's purchase, defendants had managed the building for Johnston and had knowledge of continuing problems with the heating and air conditioning system of the building. They failed to communicate them to the plaintiff and concealed the facts when inquiry was made by plaintiff. Defendants represented to plaintiff that there was no problem or inadequacy in the heating and air conditioning system at the time of purchase and that all problems had been resolved. The lower court held that plaintiff relied on defendants' representations and was damaged.

Plaintiff was required to expend the sum of $37,249.80 to correct the deficiencies in the heating and cooling system of the building.

Plaintiff owed defendants $3,070.08, plus interest from August 1, 1972, at 6%, for a real estate commission. Plaintiff owed defendants $7,246.44 for a lease commission as of April 1, 1975, and further payments that come due and payable under the terms of a lease commission agreement. The trial court found that defendant Bud Lewis Company was entitled to an offset of the two commissions against plaintiff's judgment.

Judgment was entered for plaintiff in the sum of $25,732.89 plus costs and interest at 6% per annum from April 1, 1975, until paid.

### B. *Plaintiff's Case*

### 1. *Evidence in support of court's findings on plaintiff's case.*

Prior to the purchase of the Autrey Plaza Building by plaintiff, Bud Lewis managed the building for Johnston. He had recommended to Johnston that about $10,000.00 be expended to repair the heating and cooling system and this was done. It was a revamp of the first and second floor system. This problem was inherent in the construction of the building. After this expenditure, Johnston continued to have problems with the heating and cooling system. Three other additional expenditures were incurred. Defendants were also acquainted with numerous complaints by tenants of the building. However, defendants assured plaintiff that the condition of the building was excellent, that it was well constructed and functioning well, and that the heating and cooling system had been checked; that there was no problem with the inadequacy of the system and that all problems had been resolved.

The building was purchased August 1, 1970. Thereafter, Bud Lewis Company managed the building for plaintiff. In December, 1971, the Bud Lewis Company told plaintiff of numerous complaints. At a conference plaintiff was told, for the first time, that the whole heating system was defective.

Plaintiff engaged Bridgers and Paxton Consulting Engineers to make a study of the problem and report. After the study and report were presented, the construction firm of Corzine and Rapp performed the work.

### 2. *Defendants failed to disclose all material facts.*

*First,* defendants contend that they did *not* fail to disclose to plaintiff *any* material facts. We disagree. There was a conflict in the evidence.

Defendants rely primarily upon a letter dated June 10, 1970, from Johnson Service Company to defendant Gibson. This letter was attached to the exchange contract of the same date between plaintiff and Johnston under which contract plaintiff agreed to acquire the Autrey Plaza Building, and was reviewed by plaintiff and his attorney. It briefly explained some of the problems the Johnson Service Company had with the Aarkla-Servel heating and cooling units which served this building.

The trial court considered this evidence in arriving at its decision. The court also found that this letter did not disclose all

148

material facts within the knowledge of defendants, facts upon which plaintiff relied. Despite the problems set out in the Johnson letter of June 10, 1970, defendants represented that, at the time plaintiff purchased the property, all of the problems had been resolved.

The trial court's belief, based on substantial evidence presented below, that defendants failed to disclose all the material facts within their knowledge, foreclosed defendants' position on appeal. "A broker is a fiduciary, holding a position of great trust and confidence, and is required to exercise the utmost good faith toward his principal throughout the entire transaction. . . . [A] real estate broker is under a legal obligation to make a full, fair and prompt disclosure to his employer of all facts within his knowledge which are or may be material, or which might affect his principal's rights and interest or influence his action relative to the disposition of the property." *Iriart v. Johnson,* 75 N.M. 745, 748, 411 P.2d 226, 227 (1965). See also *Yrisarri v. Wallis,* 76 N.M. 776, 418 P.2d 852 (1966); *Reinhart v. Rauscher Pierce Securities Corp.,* 83 N.M. 194, 490 P.2d 240 (Ct.App.1971); *Barber's Super Markets, Inc. v. Stryker,* 84 N.M. 181, 500 P.2d 1304 (Ct.App.1972).

Defendants failed to comply with this rule. They failed to disclose all material facts.

### 3. *Plaintiff relied on defendants' statements.*

██ *Second,* defendants contend that plaintiff did not rely on the statements of defendants, but made an independent investigation prior to the purchase. Defendants rely on the testimony of their own witnesses to establish this independent investigation. Our duty is to view the evidence most favorable to plaintiff. In doing so, we affirm the trial court on the point that plaintiff relied upon the statements of defendants.

### 4. *Contributory negligence of plaintiff is not an issue.*

██ *Third,* in its conclusion of law No. 14, the court recited that its decision was based upon the "negligent omission and breach of duty on the part of defendants to make full disclosure to plaintiff of inadequacies in the heating and cooling system of the Autrey Plaza Building." Defendants contend that if the appellants were guilty of negligence, plaintiff was guilty of contributory negligence which was a proximate cause of plaintiff's damage. We disagree.

Defendants rely on *Maxey v. Quintana,* 84 N.M. 38, 499 P.2d 356 (Ct.App.1972). This Court said:

We hold that negligent misrepresentation is an action upon which relief can be granted, that it is a tort determined by the general principles of the law of negligence and that it is an action separate from the action of fraud or deceit. See Restatement Torts (Second) § 552 (1965). . . . [84 N.M. at 42, 499 P.2d at 360].

The reference to Restatement was of a tentative draft, very similar in its wording and identical in meaning with Restatement, Torts, § 552 (1938). *Shatterproof Glass Corp. v. James,* 466 S.W.2d 873, 46 A.L.R.3d 968 (Tex.Civ.App.1971), (1972).

The Restatement language means that a defendant who supplies information is subject to liability in tort for negligent misrepresentation if he fails to exercise that care and competence in obtaining and communicating information which the plaintiff is justified in expecting, *if the plaintiff relies on the negligent misrepresentation in a transaction.* This rule does not speak in terms of contributory negligence as a defense. The issue is *not* that plaintiff had a duty to exercise reasonable care in making a determination whether to rely on defendants' negligent representation. The issue is whether plaintiff had a right to rely on the negligent representation of a fiduciary.

Justifiable reliance by plaintiff is the issue, and we must agree with the trial court that plaintiff had a right to rely on the defendants' representations that the Autrey Plaza Building was in excellent condition and that all problems with the heating and cooling system had been resolved.

We hold that contributory negligence is not a defense. The doctrine of negligent misrepresentation did not afford the defendants a defense of contributory negligence.

5. *Damages were proven by the evidence.*

*Fourth,* defendants contend that no damage has been proven by the evidence. This point is without merit.

Plaintiff's judgment is affirmed.

C. *Defendant Bud Lewis Company's Counterclaim*

1. *Defendant Bud Lewis Company was not entitled to payment of commission on real estate transaction.*

.▆ On July 30, 1970, Bud Lewis Company and plaintiff entered into an agreement for the payment of a commission to this defendant for the consummation of the transaction between plaintiff and Johnston. The amount of the commission was $5,116.80, payable in semi-annual installments of $511.68 at 6% interest. Plaintiff paid four installments of principal and interest up to and including August 1, 1972.

Defendant Bud Lewis Company contends that the denial of this commission would constitute unjust enrichment, and that it would be inequitable and improper.

In *Iriart v. Johnson,* supra, the Court held that a constructive trust is imposed upon a broker acting in a fiduciary capacity, and the broker has no right to profit by his own misconduct. "A commission paid to the broker employed to sell real estate is treated as a profit and may be recovered back by the principal." [75 N.M. at 751, 411 P.2d at 230].

, Bud Lewis Company profited by plaintiff's prior payments on the commission, which plaintiff did not seek to recover Under the constructive trust doctrine, it would be unjust enrichment for defendant to be allowed an additional profit of principal and interest in the sum of $3,545.93 awarded Bud Lewis Company by the trial court. This part of the judgment for defendant Bud Lewis Company is reversed.

2. *Defendant Bud Lewis Company was entitled to commissions on lease agreements.*

▆ Johnston and plaintiff entered into an agreement called "Assignment and Assumption". Johnston assigned leases to plaintiff subject to ten commission agreements in which Bud Lewis Company was broker. The commission agreements provided Bud Lewis Company with a real estate lease commission for the consummation of leases for tenants obtained in the Autrey Plaza Building, and an additional commission for any renewals or extensions of the leases. The terms of each lease varied.

Bud Lewis Company commissions, earned for leases obtained, did not fall within the constructive trust doctrine. Judgment is affirmed for Bud Lewis Company in the sum of $7,264.44 as of April 1, 1975, and for further payments that come due and payable under the terms of the lease agreements.

D. *Conclusion*

Judgment for plaintiff in the sum of $37,249.80 is affirmed. The offset for Bud Lewis Company in the sum of $3,545.93 and interest is reversed. The offset for Bud Lewis in the sum of $7,264.44 and further payments due and payable is affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur. ·