745 P.2d 611

**AZTLAN LODGE NO. 1, FREE AND AC-CEPTED MASONS OF PRESCOTT, Arizona; Ronald L. Wright, Chairman of the Board of Trustees, Ronald L. Wright, Eugene Hunt, Howard Cottle, Sylvester Bufkin and Edward Lee, De-fendants Counter-claimants and Third Party Plaintiffs-Appellees,**

v.

**Elizabeth RUFFNER, aka Betty Ruffner, Third Party Defendant-Appellant,**

**James Thomas, dba The Brokerage House, Third Party Defendant-Appellant.**

**No. 1 CA–CIV 8782.**

Court of Appeals of Arizona, Division 1, Department D.

July 16, 1987.

Reconsideration Granted Sept. 11, 1987.

Review Denied Nov. 17, 1987.

Favour, Weaver, Moore & Schuyler, P.A. by David K. Wilhelmsen, Prescott, for third party defendant-appellant Ruffner.

Toci, Murphy & Beck by Michael R. Murphy, Robert M. Brutinel, Scott M. McNamara, Prescott, for third party defendant-appellant Thomas.

Walraven & Roberts by Richard Walraven, Prescott, for defendants counterclaim-ants and third party plaintiffs-appellees.

## OPINION

SHELLEY, Judge.

This appeal involves a third party action by a seller against a real estate broker and his agent for indemnification for damages incurred in a real estate transaction. One of the issues on appeal is: did the court err in refusing to instruct the jury on contributory negligence? We find that the court erred in refusing to instruct the jury on contributory negligence. In view of our finding on this issue, it is unnecessary to rule on the other issues presented on appeal.

Elizabeth Ruffner, a real estate agent for broker James Thomas, dba The Brokerage House, obtained an exclusive listing agreement to sell the lodge building owned by Aztlan Lodge No. 1, Free and Accepted Masons of Prescott, Arizona (Masons).

She presented an offer to purchase the building for $206,700.00 from William J. and Alma F. Feldmeier to the board of trustees of the Masons on January 8, 1981. The Masons rejected the offer and were advised by Ruffner that they could make a counteroffer if they wished. The Masons made a written counteroffer for $212,000.00 which was accepted in writing by the Feldmeiers. Subsequently, Ruffner returned the signed contract to the Masons and an escrow was opened with instructions that closing would occur on March 1, 1981.

On February 21, 1981, the Masons signed a contract to sell the lodge building to Northern Arizona Restorations (NAR) for a price of $215,000.00. It was the Masons' position at trial that they felt they were free to sell the lodge until escrow had closed because Ruffner had told them that they were not bound by the counteroffer until close of escrow.

Both the Feldmeiers and NAR believed they each had a binding contract to purchase the building.

On February 27, 1981, the Feldmeiers tendered the full purchase price to the Masons and filed a complaint requesting specific performance of their purchase contract. The Masons answered the complaint, filed a counterclaim against the Feldmeiers and filed a third party complaint against NAR and against Thomas and Ruffner.

NAR filed an answer and alternatively sought specific performance of its contract with the Masons or damages.

The Feldmeiers filed a crossclaim against NAR to bar NAR from having or claiming any right or title to the lodge and requested damages for tortious interference with contractual relations.

Following trial to the court, the Feldmeiers were granted specific performance and judgment was entered awarding costs and attorneys fees in the sum of $32,688.11.

The Masons and NAR settled their claims by stipulating to entry of judgment in favor of NAR for $22,000.00.

A jury trial ensued on the Masons' claim for indemnification against Ruffner and Thomas for $54,688.11 consisting of the $32,688.11 award to the Feldmeiers and the $22,000.00 stipulated judgment in favor of NAR. Ruffner and Thomas sought to recover $12,000.00 from the Masons as a brokerage commission for the sale to the Feldmeiers. On June 29, 1984, the court entered judgment on a jury verdict of $54,688.11 in favor of the Masons.

Ruffner and Thomas filed a motion for new trial which among other things asserted that the court had improperly refused to instruct the jury on the defense of contributory negligence. The trial court denied the motion and they brought this appeal based on the denial of the motion for new trial.

The Masons' claim was based upon the substantive theory of negligent misrepresentation based upon *Restatement (Second) of Torts* § 552 (1965) and *Van Buren v. Pima Community College District Board*, 113 Ariz. 85, 546 P.2d 821 (1976). Ruffner and Thomas contend that the trial court committed error by failing to allow the jury to find that contributory negligence [1] is a defense to negligent misrepresentation where there is a fiduciary relationship between the parties.

*Restatement (Second) of Torts* § 552 (1977) provides in part:

(1) One who, in the course of his business, profession or employment, or in any other transaction *in which he has a pecuniary interest,* supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communi-

---

1. The issues involved in this appeal arose out of a third party complaint filed in May, 1981. This precedes the adoption of the comparative negligence statutes, A.R.S. § 12–2503 *et seq.* (effective August 30, 1984), consequently the parties did not raise and we have not considered any comparative negligence issues.

cating the information. (Emphasis added)

*Restatement (Second) of Torts* § 552(A) (1977) provides that the defense of contributory negligence applies to a claim for negligent misrepresentation stating:

> The recipient of a negligent misrepresentation is barred from recovery for pecuniary loss suffered in reliance upon it *if he is negligent in so relying.* (Emphasis added)

Comment a to the section states:

> The recipient of a fraudulent misrepresentation who justifiably relies upon it is not barred from recovery by his contributory negligence in doing so. (See § 545 A.) But when the misrepresentation is not fraudulent but only negligent, the action is founded solely upon negligence, and *the ordinary rules as to negligence liability apply.* (Emphasis added)

The Masons argued successfully to the trial court that the *Restatement* defense of contributory negligence was not available in this case based upon *Neff v. Bud Lewis Co.,* 89 N.M. 145, 548 P.2d 107 (N.M.Ct. App.1976). In *Neff,* plaintiff was a purchaser of a commercial building who brought an action against a real estate broker and a sales agent for breach of their fiduciary duty in failing to disclose latent defects in the heating and cooling system. The court found that the broker was in a fiduciary relationship with the buyer and that the buyer had a right to rely on the broker's representations concerning the fitness of the building. The court held that contributory negligence was not a defense to a claim for negligent misrepresentation where a fiduciary relationship exists.

■ Arizona courts will look to the *Restatement* in the absence of Arizona authority to the contrary. *MacNeil v. Perkins,* 84 Ariz. 74, 324 P.2d 211 (1958); *Radcliffe v. Hilton Inn,* 119 Ariz. 306, 308, 580 P.2d 767, 769 (App.1978); *Barnum v. Rural Fire Protection Co.,* 24 Ariz.App. 233, 537 P.2d 618 (App.1975).

In the *Neff* case, the court referred only to § 552 of the *Restatement (First) of Torts* and to the tentative draft of *Restatement (Second) of Torts.* The *Neff* court

did not refer to or discuss § 552 A of the *Restatement (Second) of Torts* which specifically provides for the defense of contributory negligence. Sections 552 and 552(A) of the *Restatement (Second) of Torts* clearly encompass fiduciary relationships. Appellees have cited no Arizona authority to support their contention that the existence of a fiduciary relationship negates the ordinary rules of negligence.

Article 18, § 5 of the Arizona Constitution provides:

> The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury.

■ When there is any evidence that a plaintiff is contributorily negligent, that issue must be presented to the jury. The jury must be instructed that if it finds that plaintiff was negligent and that such negligence was a proximate cause of the injury, then it is discretionary with the jury whether or not the plaintiff should be denied relief. *See, e.g. Layton v. Rocha,* 90 Ariz. 369, 368 P.2d 444 (1962); *Rogers v. Mountain States Telephone & Telegraph Co.,* 100 Ariz. 154, 412 P.2d 272 (1966).

■ Substantial evidence was presented at trial to support the defense of contributory negligence. The evidence established that the members of the board of trustees were an experienced and knowledgeable group of men. It appears that the written offer was presented to these individuals on the standard form real estate purchase contract and receipt for deposit. The first sentence of that contract states:

> This is a binding contract. A real estate broker is a person qualified to advise on real estate. If you desire legal advice, consult your attorney.

There is an issue of fact whether the members of the board should have known that they were bound by the Feldmeiers' contract regardless of their right to rely on any alleged contrary representation by Ruffner. The evidence created a factual question whether the Masons were negligent in contracting to sell a building to

NAR after they reviewed and signed a contract which explicitly informed them that they had entered into a binding agreement.

The Masons also argued that they believed the Feldmeiers could not go through with the purchase of the lodge. However, there was evidence that the Masons were fully aware of the Feldmeiers' intention to complete the transaction based on numerous visits which Mr. Feldmeier made to the building after the contract was signed. This evidence also raised factual issues with respect to contributory negligence.

The trial court's failure to instruct the jury on contributory negligence is reversible error. The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

KLEINSCHMIDT, P.J., and CONTRERAS, J., concur.