843 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John M. RIESTENBERG, Plaintiff-Appellant
v.
BROADVIEW FEDERAL SAVINGS & LOAN CO., Defendant-Appellee
 No. 87-3436.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1988.
 
 Before MERRITT and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 PER CURIAM
 
 1
 Plaintiff John M. Riestenberg appeals the order of the district court dismissing his diversity action against defendant Broadview Federal Savings & Loan (Broadview). Riestenberg contends that his complaint states a claim for relief under Ohio law in that it alleges that he, as purchaser/borrower, reasonably relied on the representation by lender Broadview that the appraisal conducted by Broadview did or would show that the house he subsequently purchased was worth at least the amount he planned to pay, when Broadview knew or should have known that the home had foundation problems, which rendered the house uninhabitable.
 
 Background
 
 2
 Riestenberg alleged in his complaint as follows: In 1983, Riestenberg applied for a loan secured by a home mortgage at Broadview. Broadview had the home appraised and charged Riestenberg for the appraisal. A loan officer for Broadview told Riestenberg that the appraisal result showed or would show that the house was worth more than the purchase price. Riestenberg was approved for the loan, borrowed the money from Broadview, and bought the house. He made the decisions to buy the home, borrow from Broadview, and make a larger downpayment on the home based, in part, on the representations by Broadview regarding the appraisal. After living in the house for over a year, Riestenberg was forced to move out when the house was condemned because of foundation problems. In 1974, the house next to the one Riestenberg purchased had similar problems, and Broadview, as lender, was involved in litigation between the purchaser/borrower and the seller, and therefore Broadview knew or should have known of the defect at the time it made the representations to Riestenberg.
 
 
 3
 On May 1, 1985, Riestenberg filed his complaint. Broadview moved for dismissal for failure to state a claim. In this motion, Broadview also alleged that it owed no duty to Riestenberg, that Riestenberg could not have relied on the appraiser's report because he entered into the sales contract and had his own contractor inspect the house before he applied for the loan from Broadview, and that the appraiser's report was confidential and only for Broadview's use regarding the mortgage loan. The district court granted Broadview's motion, holding that the complaint did not allege facts creating a claim for relief under Ohio law. The case was dismissed and Riestenberg appealed.
 
 Standard of Review
 
 4
 The district court addressed Broadview's motion under Federal Rule of Civil Procedure 12(b)(6) only as a motion to dismiss for failure to state a claim upon which relief can be granted, even though the court could have converted the motion to one for summary judgment.[1] Broadview attached seven exhibits including affidavits and contracts to its motion, and in his response brief, Riestenberg attached his own affidavit, in which he alleged the contents of a deposition. In his supplemental brief in the district court, Riestenberg also referred to Broadview's motion as a motion for summary judgment and the parties' arguments to the district court (and on appeal to this court) go far beyond the allegations of the complaint. Nevertheless, the district court did not refer to any specific arguments or evidence outside the pleading, and expressly stated that it was considering the motion as one for dismissal for failure to state a claim.
 
 
 5
 The decision to convert the motion and consider matters outside the pleading is within the discretion of the trial court. Even when materials outside the pleadings are filed with the trial court, an appellate court will treat the motion as one to dismiss for failure to state a claim when the order of the trial court indicates the motion was so treated. Reid v. Hughes, 578 F.2d 634, 636 n. 2 (5th Cir.1978); Robinson v. Reed, 566 F.2d 911, 913 n. 1 (5th Cir.1978). Therefore, before the district court and likewise on appeal to this court, matters outside the pleading are not properly considered and all well-pleaded facts must be accepted as true. Whether the complaint states a claim is a question of law and no deference is due to the decision of the district court.
 
 Applicable Law
 
 6
 It is undisputed that Ohio law applies to this case; however, the exact issue of whether a lender is liable in contract or tort to a borrower when the borrower reasonably relies on the appraisal conducted by the lender in making the loan is apparently one of first impression. Because this is a diversity jurisdiction case, under the doctrine of Erie R.R. v. Tompkins, 304 U.S. 64 (1938), the function of the district court and of our court is to apply the law of Ohio as articulated by the Ohio Supreme Court, or as we predict the Ohio Supreme Court would apply the law if the case were before that court. Nature Conservancy v. Machipongo Club, Inc., 579 F.2d 873, 875 (4th Cir.1978).
 
 
 7
 Intentional and Negligent Misrepresentation
 
 
 8
 Other jurisdictions have held that an appraiser or lender could be liable to a purchaser/borrower for misrepresentations. See Larsen v. United Federal Savings and Loan Ass'n, 300 N.W.2d 281 (Iowa 1981); Wolther v. Schaarschmidt, 738 P.2d 25 (Colo.Ct.App.1986); Stotlar v. Hester, 92 N.M. 26, 582 P.2d 403 (N.M.Ct.App.), cert. denied 92 N.M. 180, 585 P.2d 324 (1978). See also Behn v. Northeast Appraisal Co., 145 Vt. 101, 483 A.2d 604 (1984). These courts have relied on Restatement (Second) of Torts section 552 (1977), which in part states:
 
 
 9
 (1) One who, in the course of business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
 
 
 10
 (2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
 
 
 11
 (a) by the person or one of the limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
 
 
 12
 (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
 
 
 13
 The comment to this section explains that the rule "subjects the negligent supplier of misinformation to liability only to those persons for whose benefit and guidance it is supplied.... It is not enough that the maker merely knows of the everpresent possibility of action in reliance upon it, on the part of anyone to whom it may be repeated."
 
 
 14
 The rationale of the Restatement (Second) of Torts section 552 has been expressly adopted by the Ohio Supreme Court for accountant liability. Haddon View Investment Co. v. Coopers & Lybrand, 70 Ohio St.2d 154, 436 N.E.2d 212 (1982). The Haddon court held that "[a]n accountant may be held liable by a third party for professional negligence when that third party is a member of a limited class whose reliance on the accountant's representation is specifically foreseen." 70 Ohio St.2d at 154, 436 N.E.2d at 213 (Syllabus by the Court). The limited partners in the partnerships for which Coopers & Lybrand performed general accounting work were proper parties because they were within the limited class whose reliance was specifically forseen. 70 Ohio St.2d at 157, 436 N.E.2d at 215.
 
 
 15
 Other courts have adopted section 552 for lender or appraiser liability. In Larsen v. United Federal Savings and Loan Ass'n, 300 N.W.2d 281 (Iowa 1981), the court relied on section 552 in finding the lender liable to the borrower for its employee's negligence in preparing an appraisal, even though the borrower did not receive the appraisal report until after the deed had passed. Based on the facts that the appraisal form stated the report could be utilized by the borrower and the borrower did receive the report, the Iowa Supreme Court found that the lender owed a duty to the borrower.
 
 
 16
 The Colorado Court of Appeals likewise adopted this section of the Restatement in the case of Wolther v. Schaarschmidt, 738 P.2d 25 (Colo.Ct.App.1986). The court determined that the borrower could reasonably rely upon the lender's approval of the loan for his belief that the appraisal engineer's report concluded that the house was structurally sound.
 
 
 17
 In Stotlar v. Hester, 92 N.M. 26, 582 P.2d 403 (N.M.Ct.App.), cert. denied 92 N.M. 180, 585 P.2d 403 (1978), the court relied on the Restatement in finding that summary judgment was inappropriate when the purchaser sued the appraiser who had been hired by the seller. Although the appraisal form stated that it was to be used only by the sellers or the lender, thereby raising an inference that the appraisal was not done for the benefit of the intended purchaser, the court found other facts that raised a factual issue as to whether the purchaser was an intended beneficiary of the appraisal and whether the appraiser knew this.
 
 
 18
 An appraiser retained by the lender was found liable to a purchaser/borrower for negligent appraisal of the property in Costa v. Neimon, 123 Wis.2d 410, 366 N.W.2d 896 (Wis.Ct.App.1985). The purchaser had not seen the appraisal report prior to purchasing the property; nevertheless, the court determined that the purchaser had a right to rely on the appraisal because approval of the loan indicated the appraisal's result.
 
 
 19
 Two cases from Vermont have addressed similar issues. The court in Hughes v. Holt, 140 Vt. 38, 435 A.2d 687 (1981), held that even though the appraiser doing the inspection for the lender for mortgage purposes had failed to note any termite damage, neither the lender nor the appraiser was liable to the purchaser/borrower. The court's decision was based on the conclusion that the purchaser could not have relied on the appraisal. The court noted that the facts showed that the appraisal report was confidential and for the exclusive use of the lender and so was not intended to, and could not, constitute a representation to the purchaser regarding the quality of the dwelling. In addition, the purchaser did not see the appraisal report prior to closing. The court found the important fact to be that the purchaser had contracted to buy the house before the appraisal.
 
 
 20
 Five years later, the Vermont Supreme Court addressed a similar situation, but this time with seller suing the appraisal company for negligent appraisal because the appraisal was so low that the prospective purchasers could not get a loan. Behn v. Northeast Appraisal Co., 145 Vt. 101, 483 A.2d 604 (1984). The buyer paid for the appraisal and the court found no evidence that the appraiser knew or should have known that the seller would receive the report. Therefore, the Vermont court found no intent or knowledge by the appraiser that the seller would receive the information and no justifiable reliance on the part of the seller. The Behn court discussed the Restatement and the Iowa court decision in Larsen, but noted it was not expressing an opinion on whether Vermont would agree with the Larsen court under similar facts.
 
 
 21
 We do not state an opinion with respect to Broadview's contentions based on its summary judgment record since the district court did not dispose of the matter on a motion for summary judgment. Because the Ohio Supreme Court has adopted the Restatement (Second) of Torts section 552, Riestenberg stated a claim for recovery under Ohio law. Accordingly, it was error for the district court to grant Broadview's motion and to dismiss Riestenberg's complaint for failure to state a claim upon which relief can be granted. Therefore, we REVERSE the order of the district court and REMAND for proceedings consistent with this opinion.
 
 
 
 [1]
 Fed.R.Civ.P. 12(b) provides in pertinent part:
 If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.