**Joyce WOLFING, Individually, and as next friend of David and Dale Wolfing, Appellants,**

**v.**

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.**

**No. 4618.**

Court of Civil Appeals of Texas.

Waco.

June 15, 1967.

Banister, Boswell & O'Toole, John H. Boswell, Houston, for appellants.

Baker, Botts, Shepherd & Coates, John Held, Houston, for appellee.

OPINION

WILSON, Justice.

The beneficiaries named in a life insurance policy issued by appellee on the life of deceased insured sued to recover benefits. The insurer admitted liability under Rule 266, Texas Rules of Civil Procedure, subject to its alleged right of rescission for misrepresentations by insured in applying for the insurance, known by him to be false and made to induce issuance of the policy

Judgment was rendered for insurer on a favorable jury verdict. The beneficiaries appeal. We affirm.

Appellants' sole contention is that the issues concerning false statements by insured omitted to inquire, and there was no finding as to whether the statements were "made wilfully and with intent to deceive"; and there was no affirmative finding "that the misrepresentations were made wilfully and with the intent to induce the issuance of the policy." They say judgment was therefore improperly rendered on the verdict.

Appellants did not present or obtain an order of the court on objections to the charge, as required by Rules 272 and 273, Texas Rules of Civil Procedure; they requested and the court refused issues asking whether the statements found by the jury to have been made, were made wilfully and with intent to deceive the insurer "into issuing the policy."

The charge submitted issues which inquired whether insured made seven specified statements, all of which the jury answered affirmatively. As to each of these statements issues were also submitted asking whether (a) the statement was false, (b) was known by insured to be false, (c) was made for the purpose of inducing issuance of the policy, (d) was material to the risk and (e) was relied on by the insurer. These likewise were answered affirmatively in the case of each statement of insured inquired about.

Appellant apparently insists that under Clark v. National Life & Accident Ins. Co., (1947) 145 Tex. 575, 200 S.W.2d 820, Syl. 5, it is necessary for the issues and findings to include the words, "made wilfully and with design to deceive or defraud".

 The utterance of a known false statement made with intent to induce action "is equivalent to an intent to deceive." Allen v. American National Insurance Company (Tex.Sup.1964) 380 S.W.2d 604, 608; Texas Industrial Trust, Inc. v. Lusk, Tex.

Civ.App. (1958) 312 S.W.2d 324, writ ref. It is obvious that such a statement is thereby also made "wilfully."

 The findings included the elements which appellants say were omitted. Their points are overruled. Affirmed.