596 P.2d 856

In the Matter of the ESTATE of Carlos DE LA FUENTE, Deceased.

Joe HOLLAND, Petitioner-Appellant,

v.

Kay de la Fuente HARMSTON, Administratrix-Appellee.

No. 12277.

Supreme Court of New Mexico.

June 19, 1979.

LeRoi Farlow, Albuquerque, for petitioner-appellant.

Toulouse, Krehbiel & DeLayo, James R. Toulouse, Albuquerque, for administratrix-appellee.

## OPINION

SOSA, Chief Justice.

On May 12, 1977, Holland petitioned the District Court of Bernalillo County to order administratrix, Kay de la Fuente Harmston, to convey real estate located in Albuquerque to him, pursuant to an alleged agreement entered into by Holland and the estate's former administrator, Ray Shollenbarger, and the estate's attorney, Stephen Lawless. Holland appeals from an order dismissing his petition.

Carlos de la Fuente died on February 24, 1975. He was survived by two minor children, Renee Carla de la Fuente and Kevin de la Fuente. Harmston, Fuente's ex-wife, is the conservator of Renee's estate and has been at all times represented by counsel. Kevin was never located. At no time during these proceedings was he represented by counsel or by a guardian ad litem.

Shollenbarger was appointed administrator of Fuente's estate in March 1975. Lawless was appointed as attorney of the estate in June 1975. On June 17, 1975, Shollenbarger filed a petition in district court to *rent* the property to Holland, with 60% of the mortgage payments being applied to the possible future purchase of the property. At the time that Shollenbarger filed that petition, there was neither an appointment of a guardian ad litem by the court in the probate proceedings nor any legal guardianship filed in New Mexico for the minor heirs.

The court's Order provided in part:

3. That the Administrator has a Lessee who will pay as *rent* the mortgage payments on the home, with sixty percent (60%) being applied to a possible purchase in the future.

4. That approval for such *rental* has been obtained from the only heir to the Estate who can be found, Kay de la Fuente Harmston, Conservator of the Estate of Renee Carla de la Fuente, a protected person.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Administrator of the Estate of Carlos de la Fuente, Deceased be allowed to *rent* the aforementioned property to a *Lessee* who will pay as *rent* the mortgage payments on the home with sixty percent (60%) being applied to a possible future purchase. (Emphasis added.)

Holland moved into the house on July 1, 1975, and made the mortgage payments from that date to August 1978, totalling $11,581. He also made improvements and repairs on the property amounting to approximately $5,000.

Harmston petitioned that Shollenbarger be removed as administrator in November 1975. She and Shollenbarger stipulated that the First National Bank of Albuquerque be appointed administrator. Harmston was substituted and appointed administratrix in April 1977.

A $50,000 lien had been filed against the real estate prior to June 10, 1975, by Suzette Hausner, who alleged that she had purchased the property. This claim was eventually settled.

In his petition, Holland alleged that he entered into a rent-purchase agreement with Lawless, by which Holland was to make the monthly payments on the mortgaged property. Sixty percent of these payments were supposedly to be applied to the down payment of the sales price of the property.

The district court found that Holland was a renter of the property and a volunteer in making the improvements. The court concluded that the real estate descended directly to the heirs and that there was no guardianship or guardian ad litem appointed in the probate proceedings to sell the property. The court also concluded that the alleged agreement between Holland, Lawless, and Shollenbarger was void. We agree.

In determining whether Shollenbarger or Lawless had the authority to enter into an agreement to sell the real estate in question, we consider §§ 31–7–1 through 31–7–11, 32–1–29, and 32–1–30, N.M.S.A. 1953 (repealed N.M. Laws 1975, ch. 257, § 9–101). Section 32–1–29 provides that a guardian or next friend petition the court for approval prior to the sale of the real estate. Section 32–1–30 requires the appointment of a guardian for purposes of supervising the sale or conveyance of property and the court's approval after the transaction is completed and before the transfer of title from the minor's name. None of these requirements were complied with in this case. The court properly determined that Shollenbarger and Lawless had no authority to enter into an agreement to sell the property, which vested in the minor children, without approval of the court or the appointment of a guardian ad litem for the minor heirs.

We find that there was substantial evidence to support the court's findings and conclusions of law. Finding no error, we affirm the decision of the district court dismissing Holland's petition.

IT IS SO ORDERED.

EASLEY and PAYNE, JJ., concur.