603 P.2d 295

**Robert Dale MORRISON,**
**Plaintiff-Appellee,**

v.

**Rudi WYRSCH, Defendant-Appellant.**

**No. 12434.**

Supreme Court of New Mexico.

Nov. 27, 1979.

Anthony F. Avallone, Las Cruces, Standley & Suzenski, Fred M. Standley, Santa Fe, for defendant-appellant.

Robert Dale Morrision, Taos, for plaintiff-appellee.

## OPINION

PAYNE, Justice.

Defendant Wyrsch appeals from an order of the district court which struck all of his pleadings and granted summary judgment to plaintiff Morrison. We are called upon to decide the propriety and timeliness of Wyrsch's pleadings and to review the summary judgment granted in this instance. We must determine whether Wyrsch's counterclaim, jury demand and response to request for admissions complied with the New Mexico Rules of Civil Procedure.

The pertinent facts in this case are set forth in the order of their occurrence. Wyrsch answered Morrison's complaint with a denial. Morrison served a request for admissions upon Wyrsch. Wyrsch filed what he called an amended answer which contained the same denial with the addition of a counterclaim and a jury demand. Wyrsch filed his answers to the request for admissions but failed to verify his response as required by N.M.R. Civ.P. 36(a), N.M.S.A.1978.

Morrison moved to strike Wyrsch's amended answer and the district court granted the motion. Wyrsch moved the court to reconsider and was granted 15 days in which to file "proper pleadings." The

court did not specify what it meant by "proper pleadings." Wyrsch thereupon filed an amended answer identical to that previously filed with a similar counterclaim, a jury demand and a verified response to the request for admissions. Morrison moved again to strike these pleadings and also moved for summary judgment. The court granted both of Morrison's motions.

### A. *The Counterclaim*

In his amended answer, Wyrsch attempted to add a compulsory counterclaim—one which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." N.M.R. Civ.P. 13(a), N.M.S.A.1978. Rules 7(a) and 13(a) of N.M.R. Civ.P., N.M.S.A.1978, provide that a counterclaim is to be part of the answer, and Rule 13(f) provides that if omitted, it may be added only when leave to amend has been granted by the court.

Wyrsch disputes whether Rule 13(f) alone governs amendments for the addition of counterclaims or whether N.M.R. Civ.P. 15(a), N.M.S.A.1978, is also applicable. He had relied upon Rule 15(a) in his first attempt to amend.

Rule 15(a) states that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . ." But Rule 13(f) provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." We hold that Rule 13(f) alone governs the addition of counterclaims by amendment.

Of the federal courts which have dealt with this same question under the federal rules, most agree with our conclusion that Rule 13(f) governs counterclaim amendments exclusively. *See Stoner v. Terranella*, 372 F.2d 89 (6th Cir. 1967); *Goldlawr, Incorporated v. Shubert*, 268 F.Supp. 965 (E.D.Pa.1967). *But see A. J. Industries, Inc. v. United States Dist. Ct., C. D. of Cal.*, 503 F.2d 384 (9th Cir. 1974).

Under Rule 13(f) and pursuant to this holding, a counterclaiming party must demonstrate as a condition precedent for leave to amend that "oversight, inadvertence or excusable neglect" caused the counterclaim to be left out of the original pleading, or that "justice requires" its addition. This may be accomplished by motion to the court and, if necessary, the court should conduct a hearing on the matter.

The record shows that after his first unsuccessful attempt, Wyrsch did obtain leave of court to add the counterclaim by the second amendment and that he responded within the time allowed. Although the record does not disclose on what basis leave was granted, we may assume that it was granted for a reason set forth in Rule 13(f). It is not necessary, as Morrison argued, that Wyrsch also plead his "oversight, inadvertence or excusable neglect" in his amended pleading once the court has allowed the addition.

Wyrsch's first attempt to amend is not an issue. That amendment was properly stricken for failing to obtain consent of the court. However, the trial court erred in striking the second amended answer and in rendering summary judgment without considering the stricken pleading.

### B. *The Jury Demand*

The record indicates that Wyrsch did not make a jury demand within ten days after his answer to Morrison's complaint as required by N.M.R. Civ.P. 38(a), N.M.S.A. 1978. Failure to demand a trial by jury in a timely manner will result in the waiver of a jury trial. Rule 38(d). Once waived, the right is not automatically revived by the filing of an amended pleading except as to new issues raised. *Griego v. Roybal*, 79 N.M. 273, 442 P.2d 585 (1968); *Davis v. Severson*, 71 N.M. 480, 379 P.2d 774 (1963).

Wyrsch has therefore waived his right to a jury trial on the issues raised in the complaint. As to any new issues raised by Wyrsch's counterclaim, he is entitled to a jury trial, for he had filed a jury demand within 10 days of filing his amended answer.

### C. *Response to Request for Admissions*

Wyrsch failed to comply with Rule 36(a), in that his response to the request for admissions was not sworn to by him but only signed by his attorney. The rule provides:

[e]ach of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than ten days after service thereof or within such longer or shorter time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters, or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper with a notice of hearing the objections at the earliest practicable time.

Morrison contends that each admission he requested was properly admitted because Wyrsch failed to comply with the requirements of Rule 36(a). We have previously held that an unexcused failure to file a timely, sworn response is the equivalent of filing no response and that all matters requested are thereby deemed admitted. *Robinson v. Navajo Freight Lines, Inc.*, 70 N.M. 215, 372 P.2d 801 (1962).

Although Wyrsch attempted to correct his default by filing a sworn statement, it was not filed within the time limits of the rule. He urges his own contrition and requests leniency so that he can have his day in court and receive a judgment on the merits and not one based upon a pleading technicality.

▮▮ We hold that the district courts have discretion in this area. Although the rule does not provide for the particular situation presented by this case, we reaffirm the principle that the purpose of pleading is to facilitate proper decisions on the merits. *Hambaugh v. Peoples*, 75 N.M. 144, 401 P.2d 777 (1965). All pleadings should be construed so as to do substantial justice, N.M.R. Civ.P. 8(f), N.M.S.A.1978.

There is no record on appeal indicating that the district court considered whether Wyrsch's failure to verify his response was excusable. If the court properly considered this matter and then deemed as admitted all the matters requested by Morrison, there is "no genuine issue as to any material fact" and Morrison is "entitled to a judgment as a matter of law." N.M.R. Civ.P. 56(c), N.M. S.A.1978. As the record before us is silent on this issue, we must remand for further proceedings consistent with this opinion.

IT IS SO ORDERED.

EASLEY and FEDERICI, JJ., concur.