623 P.2d 1004

**Joe HOLLAND, Plaintiff-Appellant**

v.

**Stephen F. LAWLESS, Ray H. Shollenbarger and Transamerica Insurance Company, a foreign insurance corporation, Defendants-Appellees.**

**Nos. 4475, 4511 and 4516.**

Court of Appeals of New Mexico.

Jan. 6, 1981.

Certiorari Denied Feb. 9, 1981.

492

Stephen M. Simone, Farlow & Bradley, P. A., Albuquerque, for plaintiff-appellant.

Arthur A. Greenfield, Albuquerque, for defendants-appellees Ray H. Shollenbarger and Transamerica.

J. Duke Thornton, K. Gill Shaffer, Deborah S. Davis, Shaffer, Butt, Thornton & Baehr, P. C., Albuquerque, for defendant-appellee Stephen F. Lawless.

## OPINION

HERNANDEZ, Judge.

The defendant, Ray H. Shollenbarger, was the administrator of the estate of Carlos De La Fuente, and the defendant, Stephen F. Lawless, was the attorney for the estate. The principal asset of the estate was a residence which was mortgaged and which was in danger of being foreclosed. The administrator had made several attempts to obtain an offer to purchase the real estate but was unable to do so because of a claim that had been filed involving the residence. The administrator, through the estate's attorney, entered into an oral agreement with the plaintiff to lease the residence to him for the sum of $313.00 per month (a sum sufficient to make the mort-

gage payments) with the added proviso that 60% of said rental payments would be applied to a possible purchase in the future for the sum of $40,000.00. The administrator petitioned the court for authority to enter into the lease, which was granted by order dated June 17, 1975. Subsequently, the claim against the residence was settled and Kay De La Fuente Harmston was substituted for Shollenbarger as administratrix of the estate. On May 12, 1977, plaintiff filed a petition in the probate cause seeking specific performance of the agreement by the administrator to sell the residence or in the alternative for damages. The court dismissed plaintiff's petition with prejudice and plaintiff appealed to the Supreme Court (*Matter of Estate of De La Fuente*, 93 N.M. 87, 596 P.2d 856 (1979)). The Supreme Court held that:

> The [trial] court properly determined that Shollenbarger and Lawless had no authority to enter into an agreement to sell the property . . . .

Plaintiff sued the defendants, alleging in the alternative breach of contract, legal malpractice, negligence, and misrepresentation.

Lawless filed a motion for summary judgment, as did defendants Shollenbarger and Transamerica Insurance Company. The trial court entered an order and judgment which provides in pertinent part:

THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

. . . . .

2. There is no issue of material fact with respect to Count I of the present complaint and it is barred by the doctrine of res judicata, as set forth in *Holland vs. De La Fuente*, New Mexico Bar Bulletin.

3. There is no issue of material fact with respect to Count II of the present complaint because there was no attorney-client relationship between plaintiff and either Shollenbarger or Lawless, and no obligation on the part of either defendant to represent or to advise plaintiff.

4. With respect to defendant Lawless, there is no issue of material fact with

respect to Count III of the complaint because defendant Lawless owed no duty to plaintiff.

5. With respect to Count III, whether or not the Administrator for the Estate was negligent in failing to follow the appropriate New Mexico statutes with respect to the sale of real estate in a pending probate estate raises an issue of material fact.

6. With respect to Count IV, there is no issue of material fact with respect to misrepresentation because of the existence of contingencies known to plaintiff and defendant Shollenbarger.

7. With respect to Count V, there are no issues of material fact except as to the application of the Bond to Count III.

. . . . .

9. With respect to defendant Shollenbarger, there are only two issues of material fact with respect to Count III of the Complaint. They are:

9.1 Was the Administrator negligent in failing to follow the statutory requirements with respect to the appointment of a guardian ad litem for the sale of decedent's real estate, where a minor heir was involved.

9.2 If so, was such negligence the sole proximate cause of the failure of the alleged contract as a contract for the sale and purchase of the real property involved.

10. If both of the foregoing questions are answered in the affirmative, plaintiff's damages are nevertheless limited to his actual damages and consequential and exemplary damages are not recoverable. If either question is answered in the negative, Count III must be dismissed.

IT IS HEREBY ORDERED THAT:

1. The motion of defendants Shollenbarger and Transamerica for summary judgment is granted except as to defendant Shollenbarger in Count III and the application of the Bond in Count V.

Plaintiff appeals, alleging five points of error none of which involve breach of contract, that claim having been abandoned in the brief-in-chief.

POINT I—THE COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO COUNT II AS THERE IS A MATERIAL ISSUE OF FACT AS TO WHETHER AN ATTORNEY–CLIENT RELATIONSHIP EXISTED BETWEEN PLAINTIFF HOLLAND AND DEFENDANTS LAWLESS AND SHOLLENBARGER

POINT II—THE COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO COUNT III AS THERE IS A MATERIAL ISSUE OF FACT AS TO WHETHER DEFENDANT LAWLESS IRRESPECTIVE OF HIS STATUS AS AN ATTORNEY WAS NEGLIGENT IN HANDLING THE REAL ESTATE TRANSACTION

POINT III—THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO COUNT IV AS THERE IS A MATERIAL ISSUE OF FACT AS TO WHETHER THERE WAS A MISREPRESENTATION BY DEFENDANTS LAWLESS AND SHOLLENBARGER TO PLAINTIFF

POINT IV—THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO COUNT V

POINT V—THE DISTRICT COURT ERRED IN LIMITING THE ISSUES OF MATERIAL FACT AS TO DEFENDANT SHOLLENBARGER IN COUNT III

At the outset it is necessary to repeat some of the holdings in *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972).

Unquestionably the burden was on defendants to show an absence of a genuine issue of fact, or that they were entitled as a matter of law for some other reason to a summary judgment in their favor. [Citations omitted.] However, once defendants had made a prima facie showing that they were entitled to summary judgment, the burden was on plaintiff to show that there was a genuine factual issue and that defendants were not entitled as a matter of law to summary judgment. . . .

The burden was on the plaintiff, as the party resisting the motion for summary judgment, to come forward and demonstrate that a genuine issue of fact requiring a trial did exist.

. . . . .

The inferences, which the party opposing the motion for summary judgment is entitled to have drawn from all the matters properly before and considered by the trial court, must be reasonable inferences. . . .

The procedures provided by Rule 56, supra, serve a worthwhile purpose in disposing of groundless claims, or claims which cannot be proved, without putting the parties and the courts through the trouble and expense of full blown trials on these claims.

 Turning then to plaintiff's first point of error, we start with the following law regarding the attorney-client relationship:

Save where appointed by court, the relationship of attorney and client is created by contract. [Citation omitted.] The contract may be express or implied [Citation omitted.] ... The existence of a contract is generally an issue and question of law. *American Mutual Liability Ins. Co. v. Superior Court* [38 Cal.App.3d 579] 113 Cal.Rptr. 561 (Cal.App.1974).

No formal contract, arrangement or attorney fee is necessary to create the relationship of attorney and client. *George v. Caton*, 93 N.M. 370, 600 P.2d 822 (Ct. App.1979).

Lawless, in an affidavit attached to his motion for summary judgment, stated that plaintiff knew at all times that Lawless was the attorney for the Estate and that at no time did he act as attorney for plaintiff. In response plaintiff filed an affidavit, the pertinent part of which reads as follows:

I have had no experience nor training with the statutory requirements and the procedures involved with purchasing real property from a decedent's estate.

I relied upon defendant Lawless' assurances and expertise and his opinion that

nothing needed to be done by me to complete the sale and that he would handle the transaction.

I relied upon defendants' representations to me that they were going to obtain a court order to sell the real estate to me . . . .

Plaintiff also attached excerpts from testimony taken in connection with plaintiff's petition to compel the administratrix to sell him the residence. The first is an excerpt from the testimony of Lawless.

A. Well, as I said, we showed it to a large number of realtors who brought prospects out and a number of them were interested; however, no one would dare put down any money as a result of the lis pendens that was filed against it. Now, at that time, Mr. Holland worked for us and we knew him and he got into a discussion with me one day about it.

Q. He didn't work for you as a salaried employee?

A. No, he worked as an investigator on various cases, but we knew him quite well and he just, passing the time with me one day, said he was interested in the house and I told him about the de la Fuente house and he indicated at that time that he might be interested in some sort of rent-purchase agreement because he thought we might be able to win the lawsuit, so we worked out a rent-purchase agreement.

The following is an excerpt from plaintiff's testimony:

Q. Now, did you have an agreement, a discussion with Mr. Lawless, concerning your leaving this property back in 1975?

A. Yes, sir.

Q. What was your agreement with him?

A. An oral agreement with Mr. Lawless on July 1, 1975, to the effect that I could move into the premises, change the locks on the doors and take over the mortgage payments of $313 a month until the—whatever it is, war-

ranty deed or whatever is done to turn the property to my name, and applying sixty percent of the $313 a month payments towards the purchase price.

Mr. Lawless told me—I had specifically asked if there was some paperwork that needed to be done, and he said no, that it would probably be closed within thirty to sixty days and *that was all that was ever discussed about it.* [Emphasis added.]

It is our opinion that plaintiff failed to satisfy the burden of showing that there was a genuine issue of material fact; that the relationship of attorney and client existed. The mere fact that Lawless discussed the matter of the lease and possible purchase of the residence with plaintiff was not enough to establish the relationship.

Defendant Shollenbarger filed an affidavit in support of his motion for summary judgment which recites in pertinent part as follows:

I never acted as attorney for plaintiff or gave him legal advice ... I never ... made any representations to him or even discussed this "agreement" with him.

Plaintiff's affidavit in response contained many conclusory and self-serving statements and the following was the only statement of fact in this regard: "I relied upon defendants' representations to me that they were going to obtain a court order to sell the real estate to me ...." This is all plaintiff submitted in regard to Shollenbarger. Albeit the relationship of attorney and client may be implied, there must be *some* facts to raise the implication. Plaintiff did not show any facts relating directly or inferentially to an attorney-client relationship; the facts all show that plaintiff and defendants were acting as separate parties to the real estate transaction and not in any way as attorneys and client. The plaintiff did not carry the burden of showing that there was a genuine issue of material fact, and summary judgment on Count II was properly granted.

Plaintiff's second point of error, that Lawless was negligent in handling the real estate transaction, is without merit. There is no showing that Lawless owed plaintiff a duty in this regard.

The traditional formula for the elements necessary to such a cause of action may be stated briefly as follows:

1. A duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks.

2. A failure on his part to conform to the standard required. These two elements go to make up what the courts usually have called negligence; but the term quite frequently is applied to the second alone. Thus it may be said that the defendant was negligent, but is not liable because he was under no duty to the plaintiff not to be.

3. A reasonable close causal connection between the conduct and the resulting injury. This is what is commonly known as "legal cause," or "proximate cause." W. Prosser, Law of Torts § 30 (4th ed. 1971). Compare U.J.I. Civil 12.1

As we stated above, there was no showing that plaintiff and Lawless were attorney and client. Plaintiff argues that the relationship between them was similar to that of broker and buyer. However, this is of no benefit to plaintiff. "The broker is ordinarily held to be the agent of the party who first employs him." *Wolf v. Price,* 52 Cal. Rptr. 889, 244 Cal.App.2d 165 (1966). The party who first employed Shollenbarger was, of course, the Estate. Furthermore, when a person agrees to act as broker for one of the parties to a transaction a fiduciary relationship arises between them; the broker owes a duty of utmost good faith to his principal and cannot represent any of the other parties to the transaction without his principal's knowledge and consent. *See, Yrisarri v. Wallis,* 76 N.M. 776, 418 P.2d 852 (1966) and *Mitchell v. Allison,* 54 N.M. 56, 213 P.2d 231 (1949). Lawless owed no duty to plaintiff and consequently any negligence on his part could not give rise to a cause of action for plaintiff.

■ The same reasoning applies to the denial of Shollenbarger's motion for summary judgment on count III, which Shollenbarger appeals. There must be some relationship between plaintiff and defendant for the defendant's duty to arise. There is no factual showing from which an attorney-client relationship can be implied between plaintiff and Shollenbarger, and there is no factual showing from which a broker and buyer relationship can be established between plaintiff and Shollenbarger. There is no evidence that plaintiff and Shollenbarger ever discussed the real estate transaction, and even if there were, in any broker-buyer situation, Shollenbarger as Estate Administrator would clearly be the person "from whom to buy" and not a broker. As there are no facts showing a relationship imposing a duty upon Shollenbarger, summary judgment on the negligence claim should have been granted.

■ The resolution of plaintiff's third point of error can be found in the holdings of *Steinberg v. Coda Roberson Construction Co.*, 79 N.M. 123, 440 P.2d 798 (1968): "[T]he great weight of authority no longer recognizes privity of contract as having a place in tort law." And *Stotlar v. Hester*, 92 N.M. 26, 582 P.2d 403 (Ct.App.1978):

> The tort of negligence by words is recognized [also called the tort of negligent misrepresentation].

. . . . .

With privity of contract removed as a requirement for a negligence claim, and thus removed as a requirement for negligence by words, our concern is with the limitations on the tort.

3 Restatement of Torts (Second) § 522 (1977) reads:

> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

. . . . :

> (3) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
>
> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
>
> (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
>
> (3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.

... We hold that the New Mexico tort of negligence by words is set forth in 3 Restatement of Torts (Second) § 552 (1977).

The limitations on the tort ... are stated in 3 Restatement of Torts (Second) § 552(2)(a) and (b) (1977).

... The comment to the Restatement explains these limitations.

> The rule ... subjects the negligent supplier of misinformation to liability only to those persons for whose benefit and guidance it is supplied.
>
> [I]t is not necessary that the maker should have any particular person in mind as the intended, or even the probable, recipient of the information. In other words, it is not required that the person who is to become the plaintiff be identified or known to the defendant as an individual when the information is supplied. It is enough that the maker of the representation intends it to reach and influence either a particular person or persons, known to him, or a group or class of persons, distinct from the much larger class who might reasonably be expected sooner or later to have access to the information and

foreseeably to take some action in reliance upon it. It is enough, likewise, that the maker of the representation knows that his recipient intends to transmit the information to a similar person, persons or group. It is sufficient, in other words, insofar as the plaintiff's identity is concerned, that the maker supplies the information for repetition to a certain group of class of persons and that the plaintiff proves to be one of them, even though the maker never had heard of him by name when the information was given. It is not enough that the maker merely knows of the ever-present possibility of repetition to anyone, and the possibility of action in reliance upon it, on the part of anyone to whom it may be repeated.

Looking, then, at this situation in light of these holdings, it is apparent that it is a factual issue as to whether the statements made by Lawless to the plaintiff constituted negligent misrepresentation. There is no doubt that Lawless made some statements to plaintiff; whether those statements were false, whether Lawless acted negligently, and the scope of any liability are all questions of fact to be resolved by the trier of facts. Summary judgment as to defendant Lawless on Count IV was improperly granted; however, summary judgment in favor of Shollenbarger was proper on Count IV because Shollenbarger made no representations.

Plaintiff's fourth point is resolved by our resolution of point three because the liability of the surety depends upon the liability of the principal. The principal was Shollenbarger, and we have held Shollenbarger was entitled to summary judgment on all claims made against him.

Plaintiff's fifth and last point need not be decided because Shollenbarger was entitled to summary judgment.

The summary judgments entered in favor of Shollenbarger and Transamerica are affirmed; the denial of summary judgment in favor of Shollenbarger and Transamerica on Count III is reversed with instructions to enter summary judgment on that count.

The summary judgment in favor of Lawless is affirmed except as to Count IV, the misrepresentation claim. The cause is remanded for trial on that claim.

IT IS SO ORDERED.

WOOD, C. J., concurs.

SUTIN, J., concurring in part, dissenting in part.

SUTIN, Judge (concurring in part and dissenting in part).

I concur in favor of entering judgment in favor of Shollenbarger and dissent in holding Lawless subject to trial on Count IV.

A. *Plaintiff's complaint does not state a claim upon which relief can be granted.*

On January 30, 1979, plaintiff filed a complaint against defendants in five counts. Count One was based on breach of contract. It alleged that on June 17, 1975, plaintiff entered into a lease-purchase agreement with Shollenbarger and Lawless to purchase a house and lot. Shollenbarger was acting as administrator of an estate and Lawless was acting as the attorney of the estate by court order. Lawless and Shollenbarger offered to sell plaintiff the real estate on condition that plaintiff occupy the premises and begin making monthly payments of $313.00 and that 60% of these payments would be applied to the sales price of $40,-000.00, the agreed price. Shollenbarger and Lawless agreed to obtain a court order and an administrator's deed conveying title to plaintiff when a damage suit pending against the estate had been concluded.

However, on the same day, an order was obtained that Shollenbarger be allowed to rent to a lessee under the terms agreed upon.

Shollenbarger and Lawless advised plaintiff that a mortgage company would foreclose if plaintiff did not move in and begin making monthly payments due to the fact that the estate did not have funds to make mortgage payments. Relying on the conditional agreement and statements, plaintiff moved into the house and began making

monthly mortgage payments of $313.00 on June of 1975 and continued payments through November, 1978, a total of $12,833.00, 60% of which to be applied on the purchase price ($7,699.80).

On May 11, 1978, plaintiff filed his petition in the probate case asking for an order requiring a new administratrix to sell him the real estate pursuant to the agreement and on October 28, 1978, the petition was denied because the agreement was not binding on the estate.

Plaintiff was always ready and willing to purchase the real estate pursuant to his agreement but Shollenbarger and Lawless refused or were unable to comply with the terms of the agreement and damages resulted.

*Count Two* adopted "each and every allegation of Count One as if the same were set forth herein in full," and alleged that Shollenbarger and Lawless were licensed attorneys and knew, or should have known, the necessary procedure and requirements in offering to sell and consummating the sale; that they failed to examine the standard of care and legal ability required and were guilty of legal malpractice by reason of which plaintiff was damaged.

Count Two alleged an independent claim for breach of contract and legal malpractice.

*Count Three* adopted "each and every allegation set forth in Count One and County Two as if the same were set forth herein in full," and alleged that Shollenbarger and Lawless negligently handled the sale in failing to follow statutory requirements and failed "to obtain a Court Order specifically setting forth the terms of the settlement," by reason of which plaintiff was damaged.

Count Three alleged an independent claim for breach of contract, legal malpractice and negligence.

*Count Four* adopted "each and every allegation set forth in Count One, Count Two and Count Three as if the same were set forth herein in full," and alleged that Shollenbarger and Lawless falsely represented to plaintiff that they were going to obtain a court order to sell the real estate to plaintiff, when in fact, these defendants obtained a court order to rent the real estate to plaintiff; that plaintiff relied on these defendants' representation that they were selling the real estate and based on this reliance plaintiff moved into the house and was damaged.

Count Four alleged an independent claim for breach of contract, legal malpractice, negligence and false representation.

*Count Five* adopted "each and every allegation set forth in Count One, Count Two, Count Three and Count Four, as if the same were set forth herein in full," and alleged that Transamerica bonded Shollenbarger as administrator; that Shollenbarger was acting in a fiduciary capacity as administrator; that Shollenbarger violated his duties; that plaintiff was a beneficiary or third party beneficiary of the bond and Transamerica was liable on the bond.

Count Five alleged an independent claim of breach of contract, legal malpractice, negligence, false representation and bond violation of Shollenbarger.

This method of adoption of counts in blanket form was not attacked in the trial court proceedings by motion but defendants filed a host of affirmative defenses, one of which was, that plaintiff's claim failed to state a claim upon which relief can be granted. Defendants also filed motions for summary judgment.

On October 24, 1979, argument was held on defendants' motions for summary judgment.

On December 14, 1979, the trial court entered summary judgment in favor of Lawless. As to Count I, breach of contract, the court dismissed this count on the basis of res judicata. This ruling is not before us on appeal. As to Counts II, III and IV, judgment was granted for failure of each count "to state a claim for which relief can be granted and the Defendant is hereby granted summary judgment" as to each count.

The majority opinion affirmed as to Lawless except as to Count IV on false repre-

sentation. I would affirm on Counts II, III and IV because plaintiff's complaint failed to state a claim upon which relief can be granted.

Plaintiff's complaint appears to be a matter of first impression under our Rules of Civil Procedure. To adopt separate counts in blanket form were not pleaded alternatively under Rule 8(e)(2) of the Rules of Civil Procedure. Neither does this type of pleading constitute adoption of statements in a pleading pursuant to rule 10(c). No case or authority has been found that accepts the adoption of one or more independent, not interdependent, claims for relief in one count.

The only case approaching this subject matter is *Hirshfield v. Briskin*, 447 F.2d 694 (7th Cir. 1971). The trial court dismissed Counts I, II and III of plaintiff's complaint for failure to state a claim. On appeal, defendants challenged the presence of averments in the alternative. Count I was based on a theory of constructive fraud. Count II incorporated all of the averments of Count I and added only an averment of wrongful purpose. Count III added an averment of negligence.

In reversing, the court said:

> ... The averments of wrongful purpose in Count II and of negligence in Count III are, in this complaint, *so interdependent with the averments of conflict of interest in Count I* that it is fruitless on this appeal to decide whether the averment of purpose in Count II would be formally sufficient to claim fraudulent intent *if that were a necessary element of the claim* or whether the law of Illinois would recognize negligence in management ... *as a predicate for a shareholder's derivative action.* [Emphasis added.] [Id. 697, 698.]

In the instant case, Counts II, III, IV and V are not interdependent with, but independent of, Count I on breach of contract.

Rule 8(f) provides that "All pleadings shall be construed to do substantial justice." "Substantial justice between the parties" "means justice to both parties." *Queeney v. Willi*, 225 N.Y. 374, 122 N.E. 198, 200 (1919). But "substantial justice" alone

means the fairness of this precise case under *all* its circumstances. Often justice and inflexible rules do not coincide. In this case, they do. We recognize that "substantial justice" rendered by a court is subjective in nature. To determine fairness, we search for rules of law which may be applied. We note that "The function of pleadings under these rules is to give fair notice of the claim asserted so as to enable the adverse party to answer and prepare for trial." *Las Luminarias of the N. M. Council v. Isengard*, 92 N.M. 297, 304, 587 P.2d 444 (Ct.App.1978). Plaintiff's complaint does not perform this function. "The rules of pleading cannot be totally disregarded if there is to be an orderly disposition of cases." *Wells v. Arch Hurley Conservancy District*, 89 N.M. 516, 521, 554 P.2d 678 (Ct.App.1976), Hernandez, J., specially concurring. "[T]he purpose of pleading is to facilitate proper decisions on the merits." *Morrison v. Wyrsch*, 93 N.M. 556, 559, 603 P.2d 295 (1979). Ordinarily, to render substantial justice, when one party totally disregards the function and purpose of pleadings, it is better to reverse the case, and order the complaint amended in accordance with the rules to put defendants on reasonable notice of plaintiff's claims for relief.

It has been held that the objection that the complaint fails to state a cause of action may be raised at any stage of the proceedings, even for the first time on appeal. *Jernigan v. Clark and Day Exploration Company*, 65 N.M. 355, 337 P.2d 614 (1959). It has also been held that a judgment rendered on an answer which clearly fails to state facts sufficient to constitute a defense to a good complaint is inherently and fatally defective and requires a reversal, *Baca v. Perea*, 25 N.M. 442, 184 P. 482 (1919), and a judgment rendered on a complaint that fails to state a claim for relief is inherently and fatally defective. We may recognize that fact for the first time on appeal. See, *Sais v. City Elect. Co.*, 26 N.M. 66, 188 P. 1110 (1920).

B. *No genuine issue of material fact exists as to Count IV.*

The reason I do not suggest reversal to amend pleadings rests on the fact that

Lawless, like Shollenbarger, was entitled to summary judgment on Count IV, false representation. Lawyers are clothed in coats of truth, honesty and high ideals in the practice of law. It is not our duty to protect them when their conduct falls below the standards adopted over the years. In my opinion summary judgment should be granted Lawless because Lawless did not deceive Holland who sought purchase of a residence under the circumstances of this case.

Plaintiff alleged that Shollenbarger and Lawless falsely represented to plaintiff that they were going to obtain a court order to sell plaintiff the real estate when in fact these defendants obtained a court order to rent the real estate to plaintiff.

An action for false representation involves a party who intentionally made a statement that was untrue. *Household Finance Corp. v. Christian*, 8 Wis.2d 53, 98 N.W.2d 390, 392 (1959) quotes the following definition of the elements of fraud based upon "false representation":

> "To be actionable, the false representation must consist, first, of a statement of fact which is untrue; *second, that it was made with intent to defraud and for the purpose of inducing the other party to act upon it*; third, that he did in fact rely on it and was induced thereby to act, to his injury or damage." [Emphasis added.]

See also, *Peterson v. Schaberg*, 116 Neb. 346, 217 N.W. 586 (1928); *Schoellhamer v. Rometsch*, 26 Or. 394, 38 P. 344 (1894).

The majority opinion states:

> [I]t is apparent that it is a factual issue as to whether the statements made by Lawless to the plaintiff constituted negligent misrepresentation. There is no doubt that Lawless made some statements to plaintiff; whether those statements were false, whether Lawless acted negligently, and the scope of any liability are all questions of fact to be resolved by the trier of facts. [Emphasis added.]

Plaintiff did not claim that these representations were negligent.

In *Maxey v. Quintana*, 84 N.M. 38, 42, 499 P.2d 356 (Ct.App.1972), this Court said:

We hold that negligent misrepresentation is an action upon which relief can be granted, that it is a tort determined by the general principles of the law of negligence *and that it is an action separate from the action of fraud or deceit. . . .* [Emphasis added.]

An action for "negligent representation" involves a party who failed to exercise reasonable care in making a statement of fact that was untrue.

"One of the elements of fraud is that the representation made 'was made with intent to deceive and for the purpose of inducing the other party to act upon it.'" *Delgado v. Costello*, 91 N.M. 732, 580 P.2d 500 (Ct. App.1978). None of the elements essential to an action for fraud can be presumed and each must be shown by clear and convincing evidence. *Sauter v. St. Michaels College*, 70 N.M. 380, 374 P.2d 134 (1962).

"Intent to deceive means intent to say something, that is expected to be relied on, that is not believed to be true, or, if strictly true, is hoped will be understood in an untruthful sense." *Sec. & Exchange Com'n v. World Radio Mission, Inc.*, 544 F.2d 535, 540 (1st Cir. 1976). "The utterance of a known false statement made with intent to induce action 'is equivalent to an intent to deceive.'" *Wolfing v. Prudential Insurance Company of America*, 417 S.W.2d 498, 499 (Tex.Civ.App.1967).

A careful reading of the affidavit of Lawless and plaintiff, together with Lawless' testimony in the probate case convinces me beyond any reasonable doubt that Lawless did not intend to deceive plaintiff, and that no genuine issue of material fact exists.

Summary judgment for Lawless should be affirmed.