910 P.2d 934

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Arturo ALMANZA, Defendant–Appellant.**

**No. 16547.**

Court of Appeals of New Mexico.

Nov. 22, 1995.

Tom Udall, Attorney General, Max Shepherd, Assistant Attorney General, Santa Fe, for Plaintiff–Appellee.

Charles E. Knoblauch, John F. Schaber, P.A., Deming, for Defendant–Appellant.

## OPINION

HARTZ, Judge.

1. Defendant appeals his conviction on a charge of distribution of a controlled substance. We need address only one of the issues he raises on appeal. We reverse the conviction because of the failure of the district court to grant the motion to withdraw filed by Defendant's attorney on the eve of trial.

2. Charles E. Knoblauch was appointed to represent Defendant under a contract with the New Mexico Public Defender's office. His law firm also represented the City of Deming. Two days before trial was scheduled to begin, Knoblauch discovered that his law firm was prosecuting Defendant in municipal court for traffic offenses. He immediately informed the district attorney's office and the court. The next day he filed a motion to withdraw, stating that he had a conflict of interest, that Defendant would not waive the conflict, and that his continuing to represent Defendant would constitute a violation of the Rules of Professional Conduct. The district court denied the motion, and Knoblauch represented Defendant at trial.

3. Our first and second calendar notices proposed summary reversal on the ground that it was error to deny the motion to withdraw. The State filed a memorandum in opposition to the first calendar notice but has informed the Court that it does not intend to submit any additional authority or arguments in response to the second calendar notice. *See* SCRA 1986, 12–210(D)(3) (Repl.1992).

4. It would be intolerable for the same attorney to be concurrently defending a client in one criminal proceeding while prosecuting the client in another. The client is entitled to the undivided loyalty of the attor-

ney. *See generally State v. Brown,* 853 P.2d 851, 856–59 (Utah 1992). Ordinarily, if one lawyer in a firm is prohibited from representing a client in such a circumstance, then so are the other lawyers in the firm. *See* SCRA 1986, 16–110 (Repl.1995).

5. Although the State suggests that the conflict could be resolved if the two attorneys in the same firm were screened from the work of one another, *cf. State v. Pennington,* 115 N.M. 372, 374–80, 851 P.2d 494, 496–502 (Ct.App.) (employee of district attorney, who had worked as private investigator for the defendant, was screened from the case, so district attorney's office not disqualified), *cert. denied,* 115 N.M. 409, 852 P.2d 682 (1993), the problem of divided loyalties is so significant in this case that only necessity or compelling public policy could justify continued representation absent waiver by the client. We see no such justification here. *Cf. id.* at 377–78, 851 P.2d at 499–500 (noting affect on recruitment of government employees if screening procedure was not acceptable). In any event, there is no record of any screening or offer to screen in this case.

6. We reverse Defendant's conviction and remand for a new trial.

**IT IS SO ORDERED.**

ALARID and FLORES, JJ., concur.