This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LUCIANO GALLEGOS,**

Plaintiff-Appellant,

v.                                                    **NO. 31,757**

**NEW MEXICO TECH a/k/a,**
**NEW MEXICO INSTITUTE OF**
**MINING AND TECHNOLOGY,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SOCORRO COUNTY**
**Matthew G. Reynolds, District Judge**

Joseph David Camacho
Albuquerque, NM

for Appellant

Keleher & McLeod, P.A.
Sean Olivas
Christina Muscarella Gooch
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Luciano Gallegos (Plaintiff) appeals a district court order awarding New Mexico Institute of Mining and Technology (Defendant) post-offer costs pursuant to Rule 1-068 NMRA. Plaintiff argues that the district court's application of Rule 1-068 was inequitable and reversal is warranted in light of the "totality of the circumstances" in this case. We conclude that the district court properly applied Rule 1-068 and affirm the award of post-offer costs to Defendant.

**BACKGROUND**

{2}     On October 14, 2005, Plaintiff was working on Defendant's premises and sustained injuries when a 17,000 pound steel roller, owned by Defendant, went out of control, pinning Plaintiff between a truck and a chip spreader. As a result of the accident Plaintiff suffered injuries including a chest wall contusion, a liver hematoma, a lower rib dislocation, meniscal tears in his knee, and post-traumatic stress disorder (PTSD). Plaintiff's abdominal and liver injuries appeared to be healed within approximately six weeks of the accident, however, Plaintiff's knee injury and PTSD continued to require treatment. Plaintiff was concurrently treated for shoulder pain. Plaintiff reported to his orthopedist that the accident had injured his shoulder. However, it was later determined that Plaintiff's shoulder problems were caused by a pre-existing condition, not by the accident.

{3}     Plaintiff filed a complaint for personal injuries in the district court. The New Mexico County Insurance Authority (NMCIA), Plaintiff's worker's compensation insurer, sought leave to intervene to protect its subrogation interests for benefits paid to Plaintiff. The district court held that NMCIA's interests would be adequately protected without intervention until the conclusion of the case, just before the judgment on damages was going to be entered. Prior to trial, Defendant tendered an offer of settlement in the amount of $400,000. Plaintiff rejected that offer and ultimately recovered a total award of $373,408.23, which was less than the offer of settlement. NMCIA, who had been permitted to intervene on the final day of trial, , worked with Plaintiff to compromise the amount of its subrogation lien to $96,186.45, of which Plaintiff's counsel was entitled to $45,631.08 in fees and costs. {4}  Pursuant to Rule 1-068, Defendant moved for its costs as of the date of the offer of judgment. The district court awarded Defendant the recovery of post-offer costs in the amount of $24,226.91. Plaintiff filed a motion for reconsideration of the district court's award of post-offer costs to Defendant. The district court denied Plaintiff's motion for reconsideration. This appeal followed.

**DISCUSSION**

{5}     Plaintiff argues the district court's rigid application of Rule 1-068 is inequitable and should be reversed because: (1) it punishes him for reasonably rejecting

3

Defendant's offer of settlement, and (2) Plaintiff is unable to pay Defendant's post-offer costs. We are not persuaded.

{6}     Whether an award of costs is mandatory in this case is an issue of rule interpretation which we review de novo. *Apodaca v. AAA Gas Co.*, 2003-NMCA-085, ¶ 99, 134 N.M. 77, 73 P.3d 215.  Where a plaintiff rejects a defendant's pre-trial offer of settlement and ultimately obtains a judgment that is less than the defendant's pre-trial offer, the award of costs is governed by Rule 1-068. *Montoya v. Pearson*, 2006-NMCA-097, ¶ 22, 140 N.M. 243, 142 P.3d 11. Rule 1-068 states in pertinent part:

> If an offer of settlement made by a defending party is not accepted and the judgment finally obtained by the claimant is not more favorable than the offer, the claimant must pay the costs, excluding attorney's fees, incurred by the defending party after the making of the offer and shall not recover costs incurred thereafter.

It is well settled that when the plaintiff receives a judgment that is less than the defendant's offer of settlement, the application of Rule 1-068 is mandatory and the plaintiff must pay the defendant's post-offer costs. *See Dunleavy v. Miller*, 1993-NMSC-059, ¶ 30, 116 N.M. 353, 862 P.2d 1212 ("[W]hen the plaintiff receives a judgment that is less than the offer of judgment, he or she . . . *must* pay his or her own post[-]offer costs as well as the defendant's post[-]offer costs." (emphasis added)); *Montoya*, 2006-NMCA-097, ¶ 22 (stating that "there is no discretion in the application

4

of Rule 1-068"); *Apodaca* , 2003-NMCA-085, ¶ 101 (stating that Rule 1-068 is "mandatory where a judgment for a plaintiff is less than the offer").

{7} In this case, Defendant made a pre-trial offer to settle the case for $400,000. Plaintiff rejected this offer. After trial, the district court entered a judgment in favor of Plaintiff, including attorney fees and costs, in the amount of $373,408.23. Because the judgment was less than the pre-trial offer, Plaintiff must pay Defendant's post-offer costs pursuant to Rule 1-068. Plaintiff contends that his rejection of Defendant's offer of settlement was reasonable because: (1) he expected the damages award to be significantly higher; (2) NMCIA held a sizeable subrogation lien; and (3) Plaintiff's counsel also represented NMCIA, precluding Plaintiff from accepting the offer of settlement. And, Plaintiff argues, because rejecting the offer was reasonable under the circumstances Rule 1-068 should not be applied. We disagree.

{8} First, we reject Plaintiff's assertion that his counsel also represented NMCIA. An attorney-client relationship is created by court appointment or by contract. *Holland v. Lawless*, 1981-NMCA-004, ¶ 5, 95 N.M. 490, 623 P.2d 1004. Here, the district court did not permit NMCIA to intervene prior to the judgment stage of the suit. Until the final day of trial when NMCIA did intervene, it was not a party in the litigation, even though it did have a protected interest in the outcome. Through the course of the proceedings, NMCIA was represented by independent counsel. As a result, there was

5

no dual representation or conflict of interest. Plaintiff's counsel owed Plaintiff undivided loyalty and NMCIA's interest did not preclude Plaintiff from accepting Defendant's offer of settlement. *See State v. Almanza*, 1996-NMCA-013, ¶ 4, 121 N.M. 300, 910 P.2d 934 ("The client is entitled to the undivided loyalty of the attorney.").

**{9}** With regard to NMCIA's lien and Plaintiff's expectation that the damages award would exceed the offer of settlement, we hold that because the application of Rule 1-068 is mandatory, not discretionary, these are not factors to be considered by the district court when applying the rule. Nor would it have been proper for the district court to consider Plaintiff's ability to pay Defendant's costs. *See Montoya*, 2006-NMCA-097, ¶ 22 ("The ability of the party liable for costs to pay those costs is a factor that may be considered under Rule 1-054 NMRA, where the [district] court has some discretion in the matter. But because there is *no discretion* in the application of Rule 1-068, the [district] court's ruling that [the p]laintiff should not be required to pay costs because he could not afford them cannot stand." (emphasis added)).

**{10}** Plaintiff's reliance on *Apodaca* to support the proposition that a district court has the authority and discretion to avoid "shifting" costs based on a plaintiff's indigency is misdirected. In *Apodaca*, a judgment was entered in favor of the defendant. The defendant filed for costs, as a prevailing party, under Rule 1-054(D)

6

and for post-offer costs under Rule 1-068. *Apodaca*, 2003-NMCA-085, ¶ 96. The defendant argued it did not matter whether the judgment was for or against the plaintiffs, the award of costs was mandatory under Rule 1-068 when the offer exceeded the judgment. The plaintiffs' opposition to costs under Rule 1-054(D) was based on their inability to pay. *Id.* ¶ 102. They argued that Rule 1-068 should be harmonized with Rule 1-054, which gives the district court discretion in awarding costs. *Id.* ¶ 98. The essential question before this Court was whether "Rule 1-068 applie[d] where judgment is entered in favor of [a] defendant-offeror." *Id.* ¶ 99. This Court concluded Rule 1-068 does not apply where a judgment is entered in the defendant's favor and that the proper relief was found under Rule 1-054, which is discretionary. *Id.* ¶¶ 101-02.   This Court did not deviate from the its longstanding position that Rule 1-068 is mandatory even in the situation "where a judgment for a plaintiff is less than [the defendant's] offer."  *Id.* ¶ 101

{11}     To the extent that Plaintiff requests that this Court invoke equity to reverse the district court's award of costs, we decline to do so here. We will only disturb a district court's decision to grant or deny equitable relief upon finding an abuse of discretion. *Gilmore v. Gilmore*, 2010-NMCA-013, ¶ 24, 147 N.M. 625, 227 P.3d 115. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions

demanded by the facts and circumstances of the case." *Sims v. Sims,* 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

{12}     In this case, after the district court awarded Defendant post-offer costs, Plaintiff moved for reconsideration, requesting that the district court apply equity to avoid a "harsh result of a reasonable decision in rejecting an offer of settlement." Plaintiff's motion was denied. Plaintiff argues that the district court erred in failing to consider the NMCIA's $364,000 subrogation lien, however, at the time Plaintiff moved for reconsideration, NMCIA had agreed to accept $96,186.45 to satisfy its lien and out of that amount it would pay Plaintiff's counsel $45,631.08 for his fees and costs. Additionally, at the time that the district court denied Plaintiff's motion for reconsideration, it had been established that Plaintiff's damages claims were inflated due to the inclusion of expenses related to the pre-existing shoulder injury for which Defendant was not liable. Given these circumstances, we cannot conclude that the district court abused its discretion in denying Plaintiff's motion for reconsideration.

{13}     Plaintiff also argues that this court should use its inherent equitable powers to avoid the application of Rule 1-068. Plaintiff's argument requires a departure from established precedent which makes the application of Rule 1-068 mandatory. *See Dunleavy*, 1993-NMSC-059, ¶ 30; *see also Montoya*, 2006-NMCA-097, ¶ 22; *Apodaca*, 2003-NMCA-085, ¶ 101.

**{14}** An appellate court may not use its equitable powers to depart from established precedent without special justification. *N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 11, 127 N.M. 654, 986 P.2d 450 (stating that "[s]tare decisis is the judicial obligation to follow precedent, and it lies at the very core of the judicial process of interpreting and announcing law[,]" and holding that "any departure from [precedent] . . . demands special justification" (omission in original) (internal quotation marks and citation omitted)). When determining whether special justification to depart from precedent exists, we consider the following factors:

> 1) whether the precedent is so unworkable as to be intolerable; 2) whether parties justifiably relied on the precedent so that reversing it would create an undue hardship; 3) whether the principles of law have developed to such an extent as to leave the old rule "no more than a remnant of abandoned doctrine;" and 4) whether the facts have changed in the interval from the old rule to reconsideration so as to have "robbed the old rule" of justification.

*Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶ 34, 125 N.M. 721, 965 P.2d 305 (internal quotation marks and citation omitted).

**{15}** Plaintiff does not argue, nor cite authority to support the proposition that the factors listed above justify a departure from our precedent, which requires the mandatory application of Rule 1-068 in this case, and we have found none. Accordingly, we decline to depart from established precedent here. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (holding that where a

9

party cites no authority to support an argument, we may assume no such authority exists); *See also Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (holding that this [C]ourt has no duty to review an argument that is not adequately developed and declining to entertain a cursory argument that relied on several factual assertions that were made without citation to the record or authority); *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (holding that this Court will not consider propositions that are unsupported by citation to authority).

**CONCLUSION**

{**16**}     For the foregoing reasons, we affirm the district court's award of post-offer costs to Defendant.

{**17**}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**J. MILES HANISEE, Judge**