554 P.2d 678

Perry WELLS, Nick Pacheco and Nieves Pacheco, his wife, Plaintiffs-Appellants,

v.

ARCH HURLEY CONSERVANCY DISTRICT, Defendant-Appellee.

No. 2290.

Court of Appeals of New Mexico.

Aug. 24, 1976.

Rehearing Denied Sept. 7, 1976.

Harold H. Parker, Albuquerque, for plaintiffs-appellants.

Michael T. Garrett, Clovis, for defendant-appellee.

## OPINION

SUTIN, Judge.

Plaintiffs sued defendant pursuant to § 75–31–18, N.M.S.A.1953 (Repl.Vol. 11, pt. 2), to recover for the value of property taken and for the loss of use of property which resulted from drainage of excess water into Tucumcari Lake. Over objection, the trial court, at the time of trial, transformed this claim into an eminent domain proceeding, the same as though it were brought by the defendant against the plaintiffs to condemn all of plaintiffs' properties.

The jury returned verdicts for plaintiffs. Judgment was entered and plaintiffs appeal. *We reverse.*

A. *The record and the applicable law show that the defendant was not entitled to an eminent domain proceeding in district court.*

(1) *Plaintiffs' Complaint*

On July 5, 1973, plaintiffs filed a verified claim against defendant for an assessment of damages pursuant to § 75–31–18.

Plaintiff Wells sought just compensation or damages in the sum of $36,700.00, and loss of income from his hog-raising business in the sum of $51,700.00. The total property consisted of 16 acres, more or less.

Plaintiffs Pacheco sought just compensation or damages of $6,000.00, and loss of crops and grazing of $7,200.00. The total property consisted of five acres, more or less.

(2) *Defendant's Answer*

On August 31, 1973, defendant answered plaintiffs' complaint. It alleged that the court should direct the appraisers to determine damages in accordance with § 75–29–2, N.M.S.A.1953 (Repl. Vol. 11, pt. 2). The prayer for relief requested the court to proceed under §§ 75–31–18 and 75–29–2, "and direct the Board of Appraisers to determine the value of the respective Plaintiffs['] property *for acquiring full title to it in fee simple* and also the sum of the damages . . . as compensable under law . . . ."

(3) *Section 75–31–18 is applicable.*

Article 31 of the Conservancy Act covers *general provisions* of the Conservancy District law. Section 75–31–18 of Article 31 provides that *plaintiffs petition the court for an appraisal of damages* sufficient to compensate for any injury to their property; that the court shall direct the appraisers to appraise the damages and injuries and report; that an order of the court approving the appraisal shall constitute a final adjudication of the matter unless it is appealed within 20 days. It continues:

(5) *Appeal from said order to a jury may be had as hereinbefore provided in case of condemnation proceedings, . . . by the board of the district . . . .* [Emphasis added].

Condemnation proceedings hereinbefore provided are set forth in § 75–28–21. It reads:

*The district shall also have the right, instead of having appraisals made by the appraisers, to condemn for the use of the*

*district, according to the procedure provided by chapter XXXIV of the Codification of 1951,* and all amendatory or supplementary acts, for the appropriation of land or other property taken for public use; any land or property within or without said district not acquired or condemned by the court on the report of the appraisers. [Emphasis added].

■ In other words, § 75–31–18 is not a substitute for condemnation proceedings referred to in § 75–28–21. *Zamora v. Middle Rio Grande Conservancy Dist.,* 44 N.M. 364, 102 P.2d 673 (1940). The reason is clear. Under § 75–31–18, the plaintiffs initiate their claims for damages. Under eminent domain proceedings, the defendant initiates its claims for condemnation of plaintiffs' property. The defendant did not initiate any proceedings to condemn all of plaintiffs' property.

(4) *Section 75–29–2(4) is not applicable.*

Article 29 of the Conservancy Act provides for *the appointment of appraisers and their duties.* Section 75–29–2(4) of Article 29 provides:

*Before appraisals of compensation and damages are made, the board may report to the appraisers the parcels of land it may wish to purchase* and for which it may wish appraisals to be made, both for easement and for purchase in fee simple, and the board may specify the particular purpose for which and the extent to which an easement in any property is desired, describing definitely such purpose and extent.

. . . . . .

*Upon such appraisals being confirmed by the court, the board shall have the option of paying the entire appraised value of the property and acquiring full title to it in fee simple, or of paying only the cost of such easement.* Upon written demand by the owner, such option shall be exercised by the board within ninety (90) days after the date of the final judicial determination of such appraisals. [Emphasis added].

This section is not applicable because it applies to eminent domain proceedings brought by defendant. Defendant did not have an option.

Under subsection (4), supra, the defendant, *before appraisals are made,* reports to appraisers the land it wants to purchase in fee simple. This provision is applicable in eminent domain proceedings. The defendant has an option to purchase or pay the cost of an easement if the court confirms the appraisal. Under eminent domain proceedings, an appeal lies from the final *confirmation of the appraisal. Section* 22–9–8, N.M.S.A.1953 (Vol. 5).

■ In the instant case, defendant did not, before appraisals were made, report to the appraisers the parcels of plaintiffs' land that it wanted to purchase. Under § 75–31–18, upon plaintiffs' filing their petition, the court had a duty to direct the appraisers to appraise the damages and injuries to plaintiffs' properties.

Defendant did not have an option because § 75–29–2(4) was not applicable to plaintiffs' case filed under § 75–31–18.

(5) *Defendant's appeal was limited to the petition filed and the appraisals made.*

Under § 75–31–18, supra, when the district court approved the appraisals made, defendant had the right to appeal from that order "to a jury", as provided by Chapter XXXIV of the Codification of 1915. Chapter XXXIV is now § 22–9–1, et seq., N.M.S.A.1953 (Vol. 5). Section 22–9–8 provides:

Within twenty [20] days after the final confirmation of any report of such [appraisal] commissioners, . . . any person interested therein may appeal from the said order and confirmation to the district court of the proper county, by filing a notice with the clerk of said court that an appeal has been so taken, and thereupon the clerk shall docket said cause in the district court and it shall stand for trial in said court as other civil causes are tried *and shall be tried de*

*novo*, and the parties . . . shall be entitled to a trial by jury as in ordinary cases. [Emphasis added].

On August 27, 1974, the appraisers filed their report. *On October 2, 1974, the trial court approved the report.* The plaintiffs did not appeal. The defendant did.

*On October 22, 1974, defendant filed a notice of appeal* from the order approving the report of appraisers awarding damages. In addition to the notice of appeal, the notice stated:

> The defendant intends to exercise the option provided in the second paragraph of Sec. 75–29–2(4) N.M.S.A.1953 granting the Board of Directors the option to pay the entire appraised value of the property and acquire full title in fee simple . . . upon the final judicial determination of the appraisals. Defendants will upon final determination make the decision whether to acquire full title in fee simple or to pay only damages for the easements. [Emphasis added].

■ By this notice, defendant attempted to transform plaintiffs' petition and the appraisals made into an eminent domain proceeding. It was not entitled to this option. It was entitled to *a trial de novo* which does not mean the beginning of a new action.

*Transwestern Pipe Line Company v. Yandell*, 69 N.M. 448, 452–53, 367 P.2d 938, 941 (1961), which involved the eminent domain statute, said:

> This appeal to the district court for a trial de novo is, in effect, not an appeal in the usual sense, but rather a notice of dissatisfaction with the award of compensation and damage by the commissioners and a request for a new award to be made by a jury and the court, and *the trial de novo is not the beginning of a new action but a continuation of the proceeding from the time of filing of the original petition in condemnation.* [Emphasis added].

For plaintiffs Pacheco, the appraisers awarded "before and after" real estate damages at $1,300.00 and special damages of $67.00.

For plaintiff Wells, the appraisers awarded "before and after" real estate damages at $9,109.00 and special damages of $1,375.00.

■ The trial court approved this order. The defendant was dissatisfied with this award and appealed from this order. It was entitled only to a trial on assessment of damages to plaintiffs' property based upon plaintiffs' petition and the appraisals made pursuant to § 75–31–18.

Reversed.

IT IS SO ORDERED.

HERNANDEZ, J. (specially concurring), and LOPEZ, J., concur.

HERNANDEZ, Judge (specially concurring).

I believe that some further statement of the facts and pertinent statutes is necessary to an understanding of the basic issue, as I see it, i. e., did the trial court have the authority to *sua sponte* change plaintiffs' complaint from one filed pursuant to Section 75–31–18, supra, to one arising under Section 22–9–22, N.M.S.A.1953 (Vol. 5, Supp.1975).

Section 75–31–18, supra, provides in part:

> *"Remedy for injury by a district.*—In case any person or public corporation, within or without any district organized under this act, may be injuriously affected with respect to property rights in any manner whatsoever by any act performed by an official or agent of such district, or by the execution, maintenance or operation of the official plan, and in case no other method of relief is offered under this act, the remedy shall be as follows:
>
> (1) The person or public corporation seeking relief shall petition the court before which said district was organized for an appraisal of damages sufficient to compensate for such injuries."

Defendant did not counterclaim; however, in its answer in paragraph 1.10 of the first defense, it stated the following, among other things:

"Defendants [sic] further allege that the Court, pursuant to Section 75–31–18, N.M.S.A.1953 Comp., should direct the 'board of appraisers' in accordance to Section 75–29–2, N.M.S.A.1953 Comp., to determine the damages, if any, accruing to the respective Plaintiffs."

Sections 75–29–1 through 75–29–15, N. M.S.A.1953 (Repl.Vol. 11, pt. 2) set forth the procedures for the condemnation land or easements by Conservancy Districts. Sections 75–31–1 through 75–31–24 N.M.S.A.1953 (Repl.Vol. 11, pt. 2) set forth "general provisions" governing Conservancy Districts.

After the filing of the complaint, the trial court entered an order to show cause directed to defendant; why appraisers "should not be ordered to proceed with assessment of the plaintiffs' damages under Section 75–31–18, N.M.S.A.1953 Comp." Subsequently, appraisers were appointed and they submitted their report which was approved by the trial court on October 2, 1974. On October 22, 1974, the defendant filed a notice of appeal from their appraisal which recited, among other things, that:

". . . hereby gives notice that pursuant to statute, it exercises its right to appeal from the order of the court approving the report of appraisers awarding damages.

.    .    .    .    .    .

The defendant intends to exercise the option provided in the second paragraph of Section 75–29–2(4), N.M.S.A.1953, granting the Board of Directors the option to pay the entire appraised value of the property and acquire full title in fee simple or pay only the costs of the easements necessary, upon the final judicial determination of the appraisals."

Plaintiffs also appealed from the order approving the report of the appraisers.

On January 16, 1975, plaintiffs filed a motion praying that the defendant "be de-

nied the acquiring of any of Plaintiffs' properties in fee simple" on the ground that the defendant "has not complied with the statutes and laws of New Mexico for the acquisitions of any of Plaintiffs' properties in fee simple in these proceedings." Defendant on February 10, 1975, filed a document entitled "Statement" which recited, among other things, the following:

". . . defendant . . . states that upon final judicial determination concerning appraisal of properties involved in this litigation, it will exercise the option between paying damages and securing fee simple title to the following tracts of land, and gives its estimated value of each tract: . . . . ."

This document also set forth the public purposes, as defendant saw them, for which plaintiffs' lands were needed.

In a supplemental pre-trial order the trial court denied plaintiffs' motion to strike "complete takings." The order went on to recite the defendant had given notice to the court pursuant to Section 75–29–2, supra, that it would exercise its rights to acquire title in fee simple. Accordingly, just compensation for the taking in fee simple would be determined at the trial. That the taking in fee simple for the purposes of this action would be considered as if the action had been brought by the defendant under Section 22–9–22, supra. The provisions of this section are as follows:

*"Property taken or damaged without compensation or condemnation proceedings—Right of action by owner—Lines excepted.*—Any person, firm or corporation authorized by the Constitution or laws of this state to exercise the right of eminent domain who has heretofore taken or damaged or who may hereafter take or damage any private property for public use without making just compensation therefor or without instituting and prosecuting to final judgment in a court of competent jurisdiction any proceeding for condemnation thereof, shall be liable to the owner of such property, or any

subsequent grantee thereof, for the value thereof or the damage thereto at the time such property is or was taken or damaged, with legal interest, to the date such just compensation shall be made, in an action to be brought under and governed by the Code of Civil Procedure of this state; Provided that this act [22–9–22, 22–9–23] shall not apply to or affect any telephone line, telegraph line, electric light or power transmission line."

Accordingly the case was submitted to the jury on this basis.

Before discussing the basic issue, there is a preliminary matter to be considered. Plaintiffs' first point of error is that "procedural due process was violated because the case was postured from the beginning for damages under 75–31–18 and there was no notice of a whole taking of plaintiffs' property, one of the law's most drastic powers, until just before trial." Error there was, but it did not constitute a denial of due process of law. As was pointed out by Judge L. Hand in *Schectman v. Foster,* 172 F.2d 339 (2d Cir. 1949): "[D]ue process of law does not mean infallible process of law." A more complete statement of the same rule is found in *Merlo v. Public Service Co.,* 381 Ill. 300, 45 N.E.2d 665 (1942):

"The constitutional requirement of due process of law is not a guaranty that the courts shall not commit error in the trial of causes or a guaranty against erroneous and unjust decisions by courts which have jurisdiction of the parties and the subject matter. If errors are committed, or erroneous and unjust decisions are rendered, they may be corrected in the manner provided by law for the correction of such errors. A mere error in entering a judgment or decree does not deprive the losing party of the benefit of due process of law."

As I stated above the defendant did not counterclaim and the quoted parts of its answer and the document entitled "Statement" do not, in my opinion, constitute a counterclaim. Section 21–1–1(8)(a)(2) provides:

"A pleading which sets forth a claim for relief whether an original claim, counterclaim, crossclaim, or third party claim shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, . . ."

Granted that Rule 8(f), N.M.R.Civ.P. requires that "all pleadings shall be so construed as to do substantial justice." But a court under the guise of liberal construction of a pleading cannot supply matters which it does not contain. The rules of pleading cannot be totally disregarded if there is to be an orderly disposition of cases. See *Hambaugh v. Peoples,* 75 N.M. 144, 401 P.2d 777 (1965). This is particularly true when a party claims a statutory right, his pleading must contain all of the allegations necessary to bring him within the purview of the statute. The allegations contained in defendant's "answer" and "statement", in my opinion, fall far short of stating a cause of action pursuant to § 75–29–1 through § 75–29–15, supra.

Assuming, arguendo, that defendant had stated a good cause of action under these sections, would that have given the trial court authority to submit this matter to the jury on the basis of § 22–9–22, supra? The answer is no. A party, generally, cannot be given affirmative relief without having submitted a pleading praying for it. Defendant requested nothing pursuant to § 22–9–22 and even if it had it would have been to no avail since this section gives the cause of action to the injured party.

This brings us then to the basic question of whether the trial court had the authority *sua sponte* to, in effect, change plaintiffs' cause of action. Again the answer is no. Under our adversary system of jurisprudence the course of the law suit is controlled by the litigants, except in a few limited circumstances. That is, the initiative rests with the litigants. The role of the trial court is to consider only those questions raised by the parties.