This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOSE AND HELEN QUINTANA,**

Plaintiffs-Appellants,

v.                                                                                          **No.   31,530**

**SAAB CARS NORTH AMERICA, INC.,**

Defendant-Appellee.


**APPEAL FROM THE DISTRICT COURT OF LOS ALAMOS COUNTY**
**Raymond Z. Ortiz, District Judge**

Weisberg & Meyers, LLC
Alex D. Weisberg
Cooper City, Fl

Law Office of Anita M. Kelley
Anita M. Kelley
Albuquerque, NM

for Appellants

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Earl E. DeBrine, Jr.
Emil J. Kiehne
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

**I.    INTRODUCTION**

{1}    Jose and Helen Quintana (Appellants) appeal the dismissal of their complaint by the district court.  Concluding that the district court erred by misinterpreting their complaint and dismissing for *forum non conveniens* and failure to join an indispensable party, we reverse.

**II.    BACKGROUND**

{2}    Appellants are New Mexico residents.  In January 2010 Appellants purchased a 2009 Saab 9-5 Griffin (Griffin) from Mike Shaw Saab (Dealership), a dealership in Denver, Colorado.  The Griffin was manufactured and supplied to the Dealership by Saab Cars North America, Inc. (Saab), a foreign corporation registered in New Mexico.  Saab issued a written four-year or fifty-thousand-mile "bumper to bumper" warranty to Appellants.  The Dealership expressly disclaimed any warranties, express or implied, by including in the purchase agreement a statement that "THE MANUFACTURER'S VEHICLE WARRANTY IS THE ONLY WARRANTY APPLICABLE TO THE VEHICLE AND IS EXPRESSLY IN LIEU OF ALL WARRANTIES BY THE DEALER."  After Appellants took possession of the Griffin, they experienced problems with the vehicle and took it to a Saab dealership

in New Mexico at least five different times for service. Then these repairs did not satisfy Appellants, they notified Saab of the alleged defects and demanded compensation. Saab refused to pay any compensation.

{3} Appellants filed suit in the First Judicial District Court in Los Alamos County, New Mexico. Their complaint, titled "Breach of Warranty Complaint," named Saab as the defendant and alleged one count of breach of warranty and one count of breach of implied warranty. The Dealership was not named or referred to in the complaint.[1] The complaint also stated that "[Saab] intended [Appellants] to view the fact the Griffin was 'warranted' as an assurance of the Griffin's quality, thereby inducing [Appellants'] purchase," that "[Saab] completely disclosed the terms of its warranty [after Appellants completed the sale]," and that the "warranty documents . . . contained various other terms not previously disclosed, negotiated[,] or agreed to, including but not limited to limitations on damages for breach of warranty." The complaint alleged that "[Appellants] relied on [Saab's] product advertisements, written, verbal, electronic and/or otherwise, regarding the length and duration of [Saab's] bumper to bumper warranty when deciding to purchase the [Griffin]."

---

[1]The complaint stated that "[Saab] supplies its products and services to the public at large through a system of authorized dealerships. ('Dealer')." There is no reference to Dealer or the Dealership, however, in the remainder of the complaint.

Finally, the complaint included an assertion that "[Saab's] written warranties are replete with limitations and disclaimers never made known to [Appellants] prior to sale. [Saab's] failure to disclose all their disclaimers and limitations prior to sale constitutes a violation of 15 U.S.C. [Section] 2302 [(1975)] and 16 C.F.R. [Section] 702.3 [(1987)]."

{4}    Saab moved to dismiss the complaint for *forum non conveniens*, arguing that Appellants' claims arose from misrepresentation of the warranty by the Dealership. Saab also argued that the complaint should be dismissed because the Dealership was an indispensable party without which "complete and final justice [could] not be done." The district court agreed that the "core allegations" in the complaint were that "the terms of the warranty associated with the vehicle . . . were not properly disclosed to [Appellants] prior to purchasing it at an auto distributorship . . . and that the failure to properly disclose the terms of the warranty is a cause of [Appellants'] alleged damages." It concluded that "the forum that will best serve the convenience of the parties and the interests of justice is . . . in Colorado." In addition, the district court agreed that Appellants had failed to join the Dealership as an indispensable party. The district court dismissed the complaint without prejudice. Appellants timely appealed.

4

## III.    DISCUSSION

{5}    The crux of this case is the district court's misinterpretation of Appellants' complaint. Saab argues throughout its pleadings that Appellants have alleged that "their injury flows from statements and representations about the Griffin that necessarily were made by employees . . . in Colorado" and from the failure of "Saab's authorized (and independent) dealer network . . . to fix defects . . . with the Griffin." Appellants counter that "[they] do not allege any representations made by the Colorado [D]ealership or any representations made in Colorado" and that "because [Appellants'] allegations are only against Saab, nothing of any relevance occurred in Colorado." We agree with Appellants that the complaint rests only on conduct by Saab and that the Dealership's conduct is not implicated. Thus, the district court erred by adopting Saab's misreading of the complaint and basing its analyses of *forum non conveniens* and indispensable parties on this misinterpretation.

{6}    "[T]he purpose of pleading is to facilitate proper decisions on the merits. All pleadings should be construed so as to do substantial justice." *Morrison v. Wyrsch*, 93 N.M. 556, 559, 603 P.2d 295, 298 (1979) (citation omitted); Rule 1-008(F) NMRA. New Mexico does not require technical pleadings; rather, a "short and plain statement of the claim" is sufficient. Rule 1-008(A)(2), (E). Although pleadings are to be liberally construed, "a court under the guise of liberal construction of a pleading

5

cannot supply matters which it does not contain." *Wells v. Arch Hurley Conservancy Dist.*, 89 N.M. 516, 521, 554 P.2d 678, 683 (Ct. App. 1976 ) (Hernandez, J., specially concurring). In addition, once a plaintiff pleads specific claims, she is held to those claims. *See In re Adoption of Doe*, 87 N.M. 253, 255, 531 P.2d 1226, 1228 (Ct. App. 1975) (stating that "it is sufficient to plead generally a claim for relief. However, once a pleader pleads specifically, he will be held to what has been specifically plead[ed]").

{7}     Here, the district court ignored the explicit intent of the complaint: to recover for alleged breaches of Saab's written and implied warranties. The plain language of the complaint indicates claims only against Saab. Appellants' intent is clear by the fact that Appellants named only Saab as a defendant, titled their complaint "Breach of Warranty Complaint," made no allegations of wrongdoing by parties other than Saab, and referred to the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act (Act), 15 U.S.C. Sections 2301 to 2312 (1975). The Act permits "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1). By claiming that they are entitled to relief under 15 U.S.C. Section 2310(d)(1), Appellants specifically limited their claims to breaches of warranties covered by the Act. Since the Dealership expressly

6

disclaimed any express or implied warranty and was not a co-warrantor under the Act, and the Act applies only to breach of warranty claims, Appellants could not have been alleging misconduct by the Dealership under the Act. (We note that Saab agreed in the hearing that Saab was the "only party that's potentially culpable in this transaction [under the Act]").

{8}     To the extent that Saab argues there is ambiguity in the complaint as to whether Appellants allege misrepresentation by the Dealership because certain allegations appear to address conduct during the purchase of the Griffin, we again conclude that the ambiguity is resolved by examination of the complaint's language. Although it is possible that the allegations as to presentation of the warranty to Appellants might be read to implicate the Dealership because there were no Saab representatives present, Appellants did not name the Dealership nor identify it as the party that misrepresented the warranty to them. To the contrary, they specifically, and only, named Saab in those allegations. The allegations on which Saab relies state that "*Warrantor* intended [Appellants] to view the fact the Griffin was 'warranted' as an assurance of the Griffin's quality, thereby inducing [Appellants'] purchase[]" and "[a]fter [Appellants'] purchase of the Griffin, *Warrantor* completely disclosed the terms of its warranty." (Emphasis added.). Another states that "*Warrantor's* written warranties are replete with limitations and disclaimers never made known to

[Appellants] prior to sale. *Warrantor's* failure to disclose all their disclaimers and limitations prior to sale constitutes a violation of 15 U.S.C. [Section] 2302 and 16 C.F.R. [Section] 702.3." (Emphasis added.) "Warrantor" is defined in the complaint as Saab Cars North America, Inc. In addition, the Dealership never provided any warranty for the Griffin. We conclude that these allegations address only Saab's conduct and do not implicate the Dealership.

{9} Consistent with the language in the complaint, Appellants maintained in the hearing on the motion to dismiss and throughout their pleadings that "[they] allege [only] a typical and rather mundane breach of warranty claim against Saab" and that the breach arose when, after sufficient opportunity to repair the Griffin in New Mexico, Saab did not do so. They repeatedly stated that they were not suing the Dealership for any misconduct and that their "claims are based on . . . Saab's failure to repair defective parts after a reasonable number of attempts, and . . . Saab's failure to provide [them] with a vehicle fit for its ordinary purpose." Given these assertions and the plain language of the complaint, we conclude that the district court erred by rejecting Appellants' efforts to limit their own complaint to a breach of warranty claim and, in effect, forcing them to behave as though they had intended to join the Dealership. This is not its role. *See Wells*, 89 N.M. at 521, 554 P.2d at 683 (stating that the district court had no "authority sua sponte to, in effect, change plaintiffs'

8

cause of action" because "[u]nder our adversary system of jurisprudence the course of the law suit is controlled by the litigants, except in a few limited circumstances. That is, the initiative rests with the litigants").

{10} In light of Appellants' clear intent to limit their claims to breach of warranty claims against Saab, there is no basis for the district court's finding that the "core allegations" of the complaint were related to conduct at the Dealership in Colorado, and, therefore, no basis for dismissal for *forum non conveniens*. "The doctrine of *forum non conveniens* allows a court . . . to decline to exercise jurisdiction when trial in another forum will best serve the convenience of the parties and the ends of justice." *Marchman v. NCNB Tex. Nat'l Bank*, 120 N.M. 74, 85, 898 P.2d 709, 720 (1995) (internal quotation marks and citation omitted). We will reverse the district court's dismissal for *forum non conveniens* "only when there has been a clear abuse of discretion[.]" *Id.* at 86, 898 P.2d at 721 (internal quotation marks and citation omitted). The district court must defer to a plaintiff's choice of forum unless it is *strongly outweighed* by a balance of public and private interests. *Id.* at 85, 898 P.2d at 720.

{11} Here, Saab bore the burden of "establish[ing both] that (1) there is an adequate alternative forum, and (2) that considerations of convenience and judicial efficiency strongly favor litigating the claim in the second forum." *Id.* at 85-86, 898 P.2d at 720-

21 (internal quotation marks and citation omitted).  All of Saab's arguments rest on assertions that the Appellants' claims were for misrepresentation of the warranty by the Dealership in Colorado, which we have shown is incorrect.  It failed to show that the sources of proof and witnesses related to the breach of warranty claims are in Colorado or that there are any practical problems that would prevent an "easy, expeditious[,] and inexpensive" trial of the Appellants' breach of warranty claims in New Mexico.  *Id.* at 85, 898 P.2d at 720.  Thus, we need not address whether Colorado is an adequate alternate forum.

{12}     Similarly, Saab has failed to show that the Dealership is an indispensable party. We will reverse the district court's order to dismiss based on failure to join an indispensable party when dismissal "is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case."  *Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 39, 132 N.M. 207, 46 P.3d 668 (internal quotation marks and citation omitted).

{13}     A party is indispensable when

> (1)     in his absence complete relief cannot be accorded among those already parties; or
> (2)     he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:
> (a) as a practical matter impair or impede his ability to protect that interest; or

(b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple[,] or otherwise inconsistent obligations by reason of his claimed interest.

Rule 1-019(A) NMRA. Saab argues that the Dealership is an indispensable party because Appellants claim that "their injury flows from" conduct of the Dealership and "[c]onsequently, any determination regarding the [Appellants'] claims will affect the rights of not only Saab, but also any other party who the [Appellants] claim was responsible for the alleged damages." As discussed, however, the result of the litigation will pertain only to whether Saab is liable to Appellants. Thus, Saab's argument that the Dealership has an interest "in the outcome of the litigation[] and do[es] not currently have the ability to protect that interest" is unavailing. The district court erred in determining that the Dealership was an indispensable party.

{14} To the extent that Saab argues that Appellants waived their arguments because Appellants (i) failed to comply with Rule 12-213(A)(3) NMRA when they failed to include "the numerous allegations in their [c]omplaint in which they asserted that . . . misrepresentations . . . were made to them . . . in Colorado" in the summary of proceedings in their brief in chief or (ii) failed to object specifically to the district court's oral ruling and written order on *forum non conveniens* and joinder after the hearing on the matter, we disagree. *See* Rule 12-216(A) NMRA. First, we construe the "rules of appellate procedure generally [to] support rather than refute review."

*Gallegos v. State Bd. of Educ.*, 1997-NMCA-040, ¶ 11, 123 N.M. 362, 940 P.2d 468. Applying this principle, we conclude that it would thwart review unduly to require Appellants to include every contested paragraph of their complaint in their brief in chief when this Court's review of the complaint was not hindered by Appellants' briefing. *See Martinez v. Sw. Landfills, Inc.*, 115 N.M. 181, 185, 848 P.2d 1108, 1112 (Ct. App. 1993) (stating that appellants must "fully apprise the reviewing court of the fact-finder's view of the facts" so as to assist the reviewing court). Here it is obvious that the district court relied on the complaint in its ruling and equally obvious that the complaint is readily available for our review. Appellants did not waive their arguments on this issue. Second, the parties' different readings of the complaint were fairly presented to the district court in the motion hearing. The district court agreed explicitly with Saab's interpretation. This question was preserved. Since we have resolved the present matter on this basis, there is no reason to examine whether Appellants preserved their other objections to the district court's findings and conclusions.

**IV.   CONCLUSION**

**{15}**   Having concluded that the district court erred in dismissing the complaint on grounds of *forum non conveniens* or failure to join an indispensable party, we reverse.

{16}     **IT IS SO ORDERED.**


                                          _____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**MICHAEL E. VIGIL, Judge**


_____

**M. MONICA ZAMORA, Judge**